[Civil No. 1472.   Filed June 26, 1916.]

[158 Pac. 845.]

In the Matter of the Application of W. A. FARISH for a Writ of Certiorari.   W. A. FARISH, Appellant, v. GEORGE U. YOUNG, Mayor of the City of Phoenix, JOSEPH M. COPE, PETER CORPSTEIN, M. J. FOLEY and FRANK WOODS, Composing the City Commission of the City of Phoenix, Appellees.

1. MUNICIPAL CORPORATIONS—OFFICERS AND EMPLOYEES—POWER OF REMOVAL—LIMITATION.—Under Phoenix City Charter, chapter 3, section 4, providing that the city manager shall be appointed by the commission and shall hold office until his removal by the commission, the power of removal is as broad as the power of appointment; the only limitation being that it must be for cause, and cannot be arbitrarily or whimsically exercised.

2. OFFICERS—REMOVAL—"CAUSE."—The phrase for "cause," when used in reference to removal of officers, means not the arbitrary will of the appointing power, but some cause affecting or concerning the ability or fitness of the officer to perform his duties.

3. OFFICERS—REMOVAL—HEARING.—The power to remove an officer for cause can be exercised only upon charges filed, notice and reasonable opportunity to the officer to be heard.

4. MUNICIPAL CORPORATIONS—OFFICERS AND EMPLOYEES—REMOVAL FOR CAUSE—DETERMINATION OF CAUSE FOR REMOVAL.—Where the causes for removal of a municipal officer are not enumerated by law, the commission must determine in the first place what is sufficient cause for removal, subject to review by the courts to the end that this power may be honestly, fairly and reasonably exercised and not through caprice or prejudice.

5. MUNICIPAL CORPORATIONS — OFFICERS AND EMPLOYEES — REMOVAL — JUDICIAL PROCEEDINGS.—A city commission in the trial of charges against a municipal officer or employee exercises judicial functions.

6. MUNICIPAL CORPORATIONS—REMOVAL OF OFFICERS—TRIAL AND HEARING—RULES OF PROCEDURE.—A city commission, not being a judicial body, should not be bound by hard-and-fast rules of judicial procedure in proceedings for the removal of a municipal officer.

7. MUNICIPAL CORPORATIONS — OFFICERS AND EMPLOYEES — REMOVAL — NECESSITY OF RESOLUTION OR ORDINANCE.—Proceedings for the removal of city manager need not be by resolution or ordinance, under Phoenix City Charter, chapter 4, section 8, requiring the commission to act only by resolution or ordinance.

8. MUNICIPAL CORPORATIONS — OFFICERS AND EMPLOYEES — REMOVAL — JURISDICTION OF COMMISSION.—Where notice of charges was given city manager, and he was present at hearing and permitted to introduce evidence in his own behalf, *held*, the city commission had jurisdiction, regardless of the validity of an emergency ordinance providing the procedure for his particular case.

9. CERTIORARI—RETURN—TRANSCRIPT OF EVIDENCE—REMOVAL OF OFFICER.—Under Civil Code of 1913, paragraph 1498, requiring a party, to whom a writ of *certiorari* is addressed, to certify fully to the court issuing the writ and annex to the writ a transcript of the record and proceedings, the evidence should be returned with the record.

10. MUNICIPAL CORPORATIONS—PROCEEDINGS TO REMOVE MUNICIPAL OFFICER — CERTIORARI — EVIDENCE — REVIEW.—On *certiorari* to review proceedings to remove a municipal officer, the evidence will be considered only for the purpose of ascertaining whether there is any evidence to sustain the decision, and whether it furnished any substantial basis for the adjudication.

11. MUNICIPAL CORPORATIONS—REMOVAL OF OFFICER—CERTIORARI—EVI-
    DENCE IN "SUPPORT" OF FINDING.—In review of evidence on *cer-
    tiorari,* evidence in "support" of charges means evidence, tending to
    show the charges true or trustworthy, substantiated, vindicated,
    defended.

12. MUNICIPAL CORPORATIONS — REMOVAL OF OFFICER — PETITION — CER-
    TIORARI—ALLEGATIONS BINDING ON PLEADER.—Where the petition
    in *certiorari,* to review proceedings for removal of municipal officer,
    alleges that evidence was heard in support of charges, *held* that such
    allegation is binding on pleader, and the return of the evidence is
    not necessary, since the court will not examine into its sufficiency.

    [As to mode of procedure governing municipal or other board
    when exercising judicial functions, see note in Ann. Cas. 1915B,
    1083.]

APPEAL from a judgment of the Superior Court of the
County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. J. L. B. Alexander and Messrs. Baker & Baker, for
Appellant.

Mr. Richard E. Sloan and Mr. P. H. Hayes, for Appellees.

PER CURIAM.—The appellant instituted a proceeding by
*certiorari* against the appellees for the purpose of testing the
legality of his removal by them as city manager in and for
the city of Phoenix. He was appointed city manager by the
city commission, composed of the appellees, on the seventh
day of April, 1914; on the ninth day of April, he qualified
and entered upon the duties of the office; on January 22, 1915,
and on February 9, 1915, charges of incompetency, of mis-
conduct in office and neglect of duty were lodged with the
city commission against him; on the seventeenth day of Feb-
ruary, 1915, the appellant filed his verified answer to said
charges. On the last-mentioned date the city commission
proceeded to hear, and did hear, evidence in support of the
charges and continued said hearings from day to day until
the second day of March, 1915, and, during the hearings, tes-
timony was introduced in support of said charges and in de-
fense of appellant, whereupon the commission took the testi-
mony introduced under consideration, and thereafter, on the
fifteenth day of March, 1915, adopted a resolution removing

appellant from the office of city manager of the city of Phoenix for incompetency.

The appellant in his petition for the writ, and also in his argument here, contends that the commission in its order of removal exceeded its jurisdiction and power and acted in excess of its jurisdiction, first, because the city commission had not defined or declared what shall constitute cause for the removal of the city manager by any resolution, ordinance, or order; second, because the city commission did not accept the said charges by ordinance or resolution; and, third, because the city commission had not theretofore provided a procedure by resolution or ordinance to be followed in the hearing of said charges, and did not follow any procedure provided by law in hearing the charges. The writ so granted commanded the appellees to certify and return to the court "a correct transcription of all the proceedings concerning the said dismissal, discharge and removal from office of the said W. A. Farish had and taken by and remaining before you." The return of the appellees to the writ contained the charges, appellant's answer, rules of procedure, findings and resolution removing the city manager from office. The appellant moved that the appellees be required to amend their return by including a transcript of the evidence, taken down by a stenographer at the hearing of the charges. This motion was denied.

Upon the record presented by the petition, writ and return, the court entered judgment in favor of the appellees, holding that they had jurisdiction in the premises and that they did not exceed their jurisdiction. The appellant makes three assignments of error:

(1) That the court erred in not requiring the appellees to amend the return by including therein a certified copy of the transcript of the evidence; (2) that the court erred in holding that the city commission did not exceed its jurisdiction, and in holding that it regularly pursued its authority in the premises; (3) that the court erred in its refusal to examine the evidence taken upon the hearing to see whether appellees acted arbitrarily and without any evidence or proof of cause for the removal of appellant.

We will consider error No. 2, involving the jurisdiction of the commission, first. As we understand the contention of

appellant, it is that the city commission had no authority or power to accept formal charges and order a hearing thereon, except by a resolution or ordinance. Section 4 of chapter 3 of the City Charter, at the time that the appellant was removed, read as follows:

"The city manager shall be appointed by the commission, and shall hold his office until removed for cause by the commission."

This provision of the charter as plainly and unequivocally places the power of removal in the commission as it places the power of appointment in the commission. There is, however, a limitation upon the power of removal—it must be for cause only; it cannot be exercised whimsically or arbitrarily. As was said in *Board of St. Commrs.* v. *Williams,* 96 Md. 232, 53 Atl. 923:

"The phrase 'for cause' does not mean the arbitrary will of the appointing power, for that might be the outgrowth of mere whim, caprice, prejudice or passion, which would, in reality, be no cause at all. But the phrase 'for cause' must mean some cause affecting or concerning the ability or fitness of the incumbent to perform the duty imposed upon him. 'The cause must be one affecting the officer's capacity or fitness for the office.' 21 Am. & Eng. Ency. of Law, 2d ed., 850. Hence it must be inefficiency, incompetency or other kindred disqualification. . . . When the right to remove can be exercised only for specific cause, or for cause generally, the appointing power cannot arbitrarily remove the officer, and, where the removal is to be had for cause, the power cannot be exercised until the officer has been duly notified and an opportunity has been given him to be heard in his own defense (19 Am. & Eng. Ency. of Law [1st ed.], 562g, and note 5); or, as tersely put by the supreme court of Missouri: 'Where the appointment is during good behavior, or where the removal must be for cause, the power of removal can only be exercised when charges are made against the accused, and after notice, with a reasonable opportunity to be heard before the officer or body having the power to remove. *Gaskin's Case,* 8 Term. Rep. 209; *Field* v. *Com.,* 32 Pa. 478; *State* v. *Bryce,* 7 Ohio, 82, pt. 2; Dill. Mun. Corp., 3d ed., pars. 250–254.' *State* v. *City of St. Louis,* 90 Mo. 19, 1 S. W. 757.''

In *Hagerty* v. *Shedd*, 75 N. H. 393, 139 Am. St. Rep. 725, 74 Atl. 1055, the court had under consideration the power of removal under this provision of a city charter:

"The mayor, with the advice and consent of a majority of the full board of aldermen, may remove any member appointed as aforesaid for cause."

It was there said: "If the word 'cause,' as here used, means legal cause, and after notice and hearing, the statute confers judicial powers and means the same as though it read 'for cause, after notice and hearing.' . . . Moreover, it is generally held that statutes authorizing the removal of officers for cause confer judicial powers on the body that is to exercise them, and that the word 'cause' means legal cause, and contemplates a charge, notice, hearing, and judgment of removal upon cause"—citing many authorities.

Where the word "cause" is not defined by law, it is left in the first instance to the commission to determine what is sufficient cause to justify the removal, but that this power may be honestly, fairly and reasonably exercised and not through caprice or prejudice, the courts will exercise the power of review. 29 Cyc. 1409d.

The commission, in the trial of the charges against appellant, and in determining whether the charges were sustained by evidence and whether they constituted cause for removal, were in the exercise of judicial powers. This is not one of the ordinary or common functions of such a body, but is an incident necessary to a successful prosecution of its duties, and therefore frequently conferred upon it. As was said by Justice WINSLOW, in *State* v. *Common Council*, 90 Wis. 612, 64 N. W. 304:

"The better authority, however, is clearly to the effect that the power to remove officers for cause, though to be exercised in a judicial manner, is administrative, not judicial. It is a part of the power of the corporation which is very useful, in fact almost necessary, for the efficient performance of the corporate duties. *State* v. *Hawkins*, 44 Ohio, 98, 5 N. E. 228; *Donahue* v. *Will County*, 100 Ill. 94; 25 Am. Law Rev., art. 'Removal of Public Officers,' pp. 206, 207; Throop, Pub. Off., pars. 345, 346."

In *Fuller* v. *Ellis*, 98 Mich. 96, 57 N. W. 33, Chief Justice HOOKER, in speaking of the same subject, said:

"To the proposition that removing boards perform acts which are judicial in their nature, we readily assent. They must hear and determine when the power is limited to removals for cause. So must boards of review, auditing boards, highway and drain officers, pardon boards, and in fact nearly every officer who has duties to perform; and it is also true that the action of all of these is subject to review in courts of justice. None of them, however, belong to the judicial department of government, nor can they be called judicial officers, though all perform acts in their nature judicial. Their acts are administrative. *Donahue* v. *County of Will*, 100 Ill. 94; *State* v. *Hawkins*, 44 Ohio, 98, 5 N. E. 228."

The city commission, not being a judicial body, but merely exercising judicial functions as an incident to the powers and duties which they mainly exercise and perform, and for which they were principally created, are not and should not be bound by the hard and fast rules in exercising the power of removal that ordinarily surround and influence a court whose functions are purely judicial. As was said in *State* v. *Common Council, supra:*

"This view of the character of . . . a motion goes far toward disposing of a number of the objections made by the relator to the validity of the proceedings in question. The common council, not being a court, but merely an administrative body, are not subject to all the rules governing courts in the transaction of business."

In 29 Cyc. 1409, it is said: "Where charges must be made and a hearing given in order that the removal may be legal, such a hearing is not governed by rules applicable to strictly judicial proceedings."

We do not think, as appellant contends, that section 8 of chapter 4 of the City Charter, which reads, "The commission shall act only by resolution or ordinance," has any application to the commission's action in the matter of the removal of the appellant. If it were necessary that the charges should be accepted by the commission by ordinance or resolution, under section 14 of chapter 4 of the City Charter, it would have been inoperative until thirty days after its passage by the commission and approval by the mayor. The order setting the date for hearing would likewise require an ordinance or resolution, and, after the hearing, the judgment of the com-

mission would have to be by ordinance or resolution and in
each case inoperative until thirty days had expired after ap-
proval. And it is doubtful if, by declaring an emergency,
a resolution or ordinance could be given immediate effect,
for it seems that ordinances and resolutions, or many of them,
must be published for at least ten days before operative. A
mere statement of the procedure required to pass a valid or-
dinance or resolution is sufficient to convince one that such
formality is not required in a proceeding by the commission
to remove the city manager. The subjects treated by resolu-
tion and ordinances are usually broader than individual con-
troversies—they reach the whole or an important part of the
community. Private disputes in the nature of litigation, in
which only the parties immediately concerned are interested,
are characterized by motions, orders and judgments, and not
by resolutions or ordinances.

The city commission did declare an emergency and pass an
ordinance providing the procedure for the particular case.
It is not contended or suggested by appellant that under
this procedure he was not accorded an opportunity to have
counsel, to make his defense, and also to cross-examine the
witnesses for the prosecution. In other words, he had notice
of the charges, was present during all the proceedings and
accorded a hearing, and had his day in court. Notwithstand-
ing, it is contended by appellant that the resolution or or-
dinance prescribing the procedure was inoperative at the
time of the hearing, because it had not been published for at
least ten days in the official newspaper of the city. Of course,
some mode of procedure that would afford appellant fair
opportunity to be heard on the charges was necessary, but
we do not conceive that it would be any different whether this
opportunity was accorded in the course of the trial as a feat-
ure thereof or whether it resulted from fixed and definite
rules and regulations, previously passed by ordinance or reso-
lution. The commission obtained jurisdiction of the subject
matter in controversy upon the acceptance and filing of the
charges. It correctly exercised that jurisdiction and author-
ity when it gave the appellant notice of the charges and an
opportunity to appear and defend.

The other two assignments of error, we think, may properly
be considered together, that is, as to whether the court erred

XVIII Ariz.—20

in refusing to order the return to the writ to be amended
so as to include the transcript of the evidence that was steno-
graphically taken upon the hearing. Our statute, paragraph
1498, of the Civil Code, commands the party, to whom writ
is directed, to certify fully to the court issuing the writ . . .
and annex to the writ a transcript of the record and proceed-
ings, . . . that the same may be reviewed by the court. Thus
it will be seen that it was contemplated that more than the
record should be included in the return. The evidence is not
part of the record ordinarily, but it is a part of the pro-
ceedings had and taken against which the writ is directed.
It seems that the statute is broad enough in terms to cover
the evidence taken in the course of the hearing.

As heretofore stated in this opinion, when the statute pro-
vides for the removal of a public officer for cause, it means
a legal cause, and, while the commission may, in the first
instance, be granted a liberal discretion as to what is suffi-
cient cause, the courts of some jurisdictions will not hesitate
to review their action, and, for that purpose, look into the
evidence and determine if, in fact, a legal cause exists or
whether the removal is the result of passion, prejudice or whim
and without justification. In such jurisdictions "it is held
that the evidence may be brought up, not for the purpose of
weighing it, to ascertain the preponderance, but merely to
ascertain whether there was any evidence at all to sustain the
decision of the inferior tribunal—whether it furnished any
legal and substantial basis for the decision. While, in the
exercise of this power of removal for cause, the proceedings
of these bodies are *quasi* judicial and so reviewable by the
court, still they are not courts, but essentially legislative and
administrative bodies, whose action should be considered in
view of their nature and the purposes for which they were
organized, and not be tested by the strict legal rules which
prevail in trials in courts of law. Therefore, if such a body
has kept within its jurisdiction, and the evidence furnished
any legal and substantial basis for its action, it ought not
to be disturbed for any mere informalities or irregularities
which might have amounted to reversible error in the proceed-
ings of a court. To apply any other rule would be imprac-
ticable, and disastrous in the extreme to public interests."
5 R. C. L. 264.

We believe that the court should have required a certification of the evidence taken upon the hearing as a part of the return not for "the purpose of weighing it to ascertain the preponderance, but merely to ascertain whether there was any evidence at all to sustain the decision of the inferior tribunal —whether it furnished any legal and substantial basis for the decision," unless it be the showing made by appellant, in his petition for the writ, obviated that necessity. In his petition, he alleges that:

"Said city commission of the city of Phoenix met at the city hall in said city, and proceeded to hear, and did hear, evidence in support of said charges, . . . and continued said hearings until the second day of March, 1915, and that, during said hearings had as aforesaid by said commission, . . . testimony was introduced in support of said charges and in defense of your petitioner to said charges, and that, upon the conclusion of the testimony introduced as aforesaid, . . . said commission took such testimony introduced as aforesaid under consideration and thereafter, to wit, on the fifteenth day of March, 1915, said commission . . . adopted a resolution removing your petitioner from the office of city manager . . . for incompetency."

This is a statement in effect that evidence was introduced on both sides of the controverted question—that for the prosecution showing the charges to be true or trustworthy; substantiated; vindicated; defended (Standard Dictionary, defining "support"); and that for the defense in refutation of the charges.

If the rule be that the courts do not weigh the evidence to ascertain which way it preponderates, but will simply look into it for the purpose of determining whether there was any evidence in support of the charges or not, it would seem that the appellant, by his own allegations, has obviated the necessity of examining the evidence by the court, for he admits and states that there was evidence *pro* and *con* on the charges, and that it was considered by the commission and thereafter, based upon it, the decision was rendered. Nor do we think this admission and statement by the appellant in his petition is relieved of its probative force and binding effect by a subsequent allegation to the effect "there was no evidence to show

or prove, or tending to show or prove, that your petitioner was incompetent in any respect or particular, as attempted to be charged . . . or that he was guilty of misconduct in office, or of neglect of duty, and that said city commission, in removing your petitioner as city manager, acted arbitrarily and without any evidence or proof of cause for his removal.''

In view of the fact that he had previously stated that evidence was taken in behalf of the prosecution and also in behalf of his defense, we think these latter negative allegations must be construed as the conclusions of the pleader rather than statements of fact. If the allegation were that no evidence whatever was taken, heard or introduced, it would be a statement of a fact showing irregularity in the exercise of the authority conferred upon the commission. But that is not this case; here it is shown that evidence was heard and passed upon by the commission, and, that being true, under the rule announced it would have been a useless thing for the court to have examined the evidence in support of the charges or in defense of appellant; that duty, it appearing, having already been discharged by the city commission.

The extent of the power of the court to review upon *certiorari* is limited to a determination of the question as to whether the inferior tribunal, board or officer has exceeded its jurisdiction and whether it has regularly pursued the authority of such tribunal, board or officer. The court has no power to weigh the evidence and revise the judgment, if jurisdiction exists and the authority was regularly pursued. It may not substitute its judgment for the judgment of the inferior tribunal, board or officer upon the merits of the controversy. The charges may have been unfounded, the evidence in support thereof slight, and the judgment rendered by the commission may have done the appellant a great injustice; and, if the court were vested with authority to weigh the evidence, it might so hold, but the determination of these matters the legislature has withheld from the courts. Whereas it was incumbent upon the appellant to show there was no evidence submitted upon the hearing in support of the charges, he has in his petition affirmatively shown that there was evidence in support thereof. This, we believe, made it unnecessary for the court to examine into the evidence, and therefore

it committed no error in refusing to order the return amended, so as to include a certification of the evidence.

The judgment is affirmed.

Authorities on the question of right of municipality to remove officers summarily are gathered in a note in 59 L. R. A. 95 et seq.