239 P.2d 1079

**REID v. FORD et al.**

No. 5319.

Supreme Court of Arizona.

Jan. 28, 1952.

Rehearing Denied March 4, 1952.

Paul H. Primock, of Phoenix, for appellant.

Jack Choisser, City Atty., Laurence H. Whitlow and Jack D. H. Hays, Assts. to City Atty., all of Phoenix, for appellees.

LA PRADE, Justice.

This is an appeal from an order of the Superior Court of Maricopa County quashing a writ of certiorari that it had theretofore issued for the purpose of reviewing the action of the Civil Service Board of the city of Phoenix, sustaining the action of the City Manager of the city of Phoenix dismissing appellant from employment with the fire department of the city.

The factual situation may be stated as follows: The city, by various ordinances enacted pursuant to its charter powers, has provided for a system of civil service for most of its employees, among which are included members of the fire department. Appellant, on November 28,. 1948, and for some years prior thereto, had been an employee of the fire department within the classified service. On November 20, 1948, by order of the city manager appellant was dismissed from his position as an engineer in the fire department for the stated reasons: "That you are guilty of conduct unbecoming an employee of the City of Phoenix, in that you had in your possession pictures of indecently exposed women, which photographs were made by you, sold and distributed by you; which all is in violation of Ordinance #99, Article 6, Section 4136 and Section 4138 of the Phoenix Municipal Code of 1939."

Following the rules adopted by the Civil Service Board, appellant appealed the order of dismissal to the board. Thereafter the board conducted a public hearing at which time witnesses were sworn and certain documentary evidence was considered by the board, all of which facts were set forth in the petition for the writ, the materiality of

192

which will be seen hereinafter. In due time, the board made its "Findings of Fact and Decision" as follows:

"That the said John T. Reid has been guilty of conduct unbecoming an employee of the City of Phoenix in that he conducted and engaged in a business known as 'The Novelty Supply and Phoenix Model Directory,' located at 1227 and 1227½ East Van Buren Street, said business being under his control, operation and ownership and involving the photographing of nude women in various poses, developing and printing said pictures and advertising for sale and selling said pictures while the said John T. Reid was employed by the City of Phoenix as an Engineer in the Fire Department of the City and subject to call to duty at any time; that the aforesaid course of conduct on the part of the said John T. Reid while a public employee is incompatible with the standards and principals (principles) of public employment as established by the Civil Service Board of the City of Phoenix, and was of a demoralizing and degrading character.

"It is therefore the decision of the Board that the dismissal of John T. Reid from his position as Engineer in the Fire Department of the City of Phoenix be sustained, the charges having been sufficiently established and proved to the satisfaction of the Board."

Since the appeal is from the order of the superior court quashing a writ of certiorari it had theretofore issued, the precise question before this court is whether the petition for the writ of certiorari stated sufficient grounds for granting the writ. The motion to quash was addressed to this proposition.

█ In an action for certiorari the court is not permitted to weigh the evidence but may only consider whether there is any evidence showing that the inferior tribunal acted within its jurisdiction. Batty v. Arizona Dental Board, 57 Ariz. 239, 112 P.2d 870.

In Re Farish, 18 Ariz. 298, 299, 158 P. 845, a proceeding by certiorari was instituted for the purpose of testing the legality of removal of the city manager by the city commission of Phoenix. There it was held that evidence will be considered only for the purpose of ascertaining whether there is any evidence to sustain the decision, and whether it furnished any substantial basis for the adjudication.

The purpose of the writ was considered in Faulkner v. Board of Supervisors, 17 Ariz. 139, 149 P. 382, 383, where it was said: "* * * This writ cannot be used to review the actions of inferior tribunals, boards, or officers, in the exercise of legislative, executive, or ministerial functions. It is confined to a review of judicial action, and then only to determine whether the inferior tribunal, board, or officer has exceeded its jurisdiction, or acted without jurisdiction."

And the court quoted from McKenzie v. Board of Education, 1 Cal.App. 406, 82 P.

392, 393, as follows: "It is not a writ of error. Its purpose is not to consider errors or irregularities committed in the exercise of an admitted jurisdiction, nor to correct mistakes of law in conducting a proceeding of which the inferior tribunal, board, or officer had jurisdiction. Nor can it be used for the purpose of determining whether or not the evidence was sufficient to support the particular order, resolution, or matter complained of, provided the law and the machinery employed were such as to give the inferior tribunal jurisdiction." See, also, State ex rel. Andrews v. Superior Court, 39 Ariz. 242, 5 P.2d 192; City of Phoenix v. Greer, 43 Ariz. 214, 29 P.2d 1062; Wall v. Superior Court, 53 Ariz. 344, 89 P.2d 624.

The petition for the writ of certiorari in the instant case made the following statement: "The finding of the Civil Service Board of the City of Phoenix and its order sustaining the dismissal of your petitioner is beyond the jurisdiction of the Civil Service Board of the City of Phoenix *and was not justified by the evidence presented to the Board.*" (Emp. sup.)

The wording of the petition concedes that "evidence" was presented to the board, but *concludes* that it was insufficient and that the order of the board sustaining the dismissal was not justified by the evidence. Whether such evidence was sufficient to justify the action taken by the board is not subject to review on certiorari. Had the petition alleged there was *"no*

evidence" to support the finding, the court might review the record to determine if there was "any evidence" showing the board acted within its jurisdiction. See In re Farish, supra. The court can only determine whether the board exceeded its jurisdiction or acted without jurisdiction.

The petition for the writ challenged the sufficiency of the evidence presented to the board but it did not state sufficient grounds for granting of the writ, in that it failed to allege or show a want of jurisdiction. In fact, the allegations of the petition show the existence of jurisdiction and the reception of evidence to sustain the charges. The action of the superior court in quashing the writ which it had granted upon the aforesaid petition was proper and its order is hereby affirmed.

UDALL, C. J., and STANFORD, PHELPS and DE CONCINI, JJ., concurring.