543 P.2d 470

**William Coy COX, Sheriff of Pima County, Appellant,**

v.

**PIMA COUNTY LAW ENFORCEMENT MERIT SYSTEM COUNCIL and Carlton OGLESBY, Real Party in Interest, Appellees.**

**No. 2 CA–CIV 1889.**

Court of Appeals of Arizona, Division 2.

Dec. 16, 1975.

Dennis DeConcini, Pima County Atty. by Albin Krietz, Deputy County Atty., Tucson, for appellant.

Kipps & Salter by Rubin Salter, Jr., Tucson, for appellees.

## OPINION

HOWARD, Chief Judge.

Appellant discharged appellee Oglesby who sought and was granted a hearing by the Law Enforcement Merit System Council pursuant to A.R.S. Sec. 38–1003(6). Appellant presented evidence of appellee's unsuitability for continued employment as a law enforcement officer. The council was not impressed and ordered reinstatement. Appellant sought review by writ of certiorari in superior court pursuant to A.R.S. Sec. 38–1004(B). The superior court found the council not to have exceeded its jurisdiction and denied relief. This appeal followed.

Appellant contends the superior court erred in failing to send the matter back to the council for findings of fact, citing *Civil Service Commission of City of Tucson v. Livingston*, 22 Ariz.App. 183, 525 P.2d 949 (1974). *Livingston* is inapposite to the case at hand. In *Livingston* the Civil Service Commission rules themselves required findings of fact. In the case before us, no such findings are required by Merit System Council rules. Absent specific rules or statutory requirements, it is not essential in hearings before an administrative agency "that specific findings of fact be made on every issue which might be involved in a hearing, provided that the findings as made are of such a nature that they necessarily dispose of all the material issues involved." *Foster v. Industrial Commission*, 46 Ariz. 90, 92, 47 P.2d 428, 429 (1935). Here the council found the ultimate fact, i. e. that appellant had acted arbitrarily in discharging appellee. This is sufficient in the absence of a statute or administrative rule requiring more detailed findings. *Palm Springs Turf Club v. California Horse Racing Board*, 155 Cal.App. 2d 242, 317 P.2d 713 (1957); *Emby Foods, Inc. v. Paul*, 230 Cal.App.2d 687, 41 Cal. Rptr. 365 (1964).

Next appellant contends the court below erred in finding that the council acted within its jurisdiction. His contention is founded upon his view that the evidence justifying his action was not contradicted. Therefore he concludes, there was no evidence to support the council's finding.

In an action for certiorari the court is not permitted to weigh the evidence but may only consider whether there is any evidence showing that the inferior tribunal acted within its jurisdiction. *Reid v. Ford*, 73 Ariz. 190, 239 P.2d 1079 (1952). It is only when there is *no* evidence to support the decision of an administrative agency that the decision of the agency is in excess of its jurisdiction; if there is *any* evidence to support the agency, the search for jurisdiction has come to an end. *Reid v. Ford*, supra.

The record here shows evidence on some issues which depended upon the credibility of the witness. On other issues there was conflicting testimony. The record does not demonstrate a lack of jurisdiction on the part of the council.

Affirmed.

KRUCKER and HATHAWAY, JJ., concur.