576 P.2d 1364

The PIMA COUNTY BOARD OF SUPER-
VISORS, consisting of Ron Asta, E. S.
"Bud" Walker, Conrad Joyner, Sam
Lena, Joseph Castillo, the Pima County
Merit System Commission, consisting of
Thomas Meehan, Felix L. Goodwin, Wil-
liam McCollum, Pat P. Lopez, Jr., and
Betty Milburn, and the Pima County
Highway Department and Jerry Jones,
its Department Head, Appellants,

v.

Allison DOW, a married man, Appellee.

No. 2 CA–CIV 2629.

Court of Appeals of Arizona,
Division 2.

Jan. 24, 1978.

Rehearing Denied March 1, 1978.

Review Denied April 4, 1978.

Stephen D. Neely, Pima County Atty. by
John C. Gabroy, Deputy County Atty., Tuc-
son, for appellants.

Michael P. Pollard, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The basic issue in this case is whether the
conclusion of the Pima County Merit Sys-
tem Commission that it had no jurisdiction
to hear the appeal of Mr. Allison Dow is
supported by the evidence.

Following his termination as a county
employee, Mr. Dow, pursuant to Rule 12.2,
Pima County Merit System Rules, filed an
appeal with the Pima County Merit System
Commission. The Commission initially
ruled that it had jurisdiction and proceeded
to hear the matter on the merits. How-
ever, after the conclusion of the hearing,
the Commission ruled that since appellee
was not a classified employee it had no
jurisdiction. Appellee petitioned the supe-
rior court for review pursuant to A.R.S.
§ 11–356(D). The superior court ruled that
appellee's appeal to the Commission be rein-
stated and remanded the matter to the
Commission for further proceedings.

In discussing the facts we first note that
appellants' opening brief does not comply
with Rule 5(b)(4), Rules of the Supreme
Court (now Rule 13(a), Rules of Civil Appel-
late Procedure), in that the statement of

facts refers to evidentiary matters but makes no reference to the transcript or abstract of record where these facts are found. Although we could strike the brief for its non-compliance with the rules, we shall not in this case penalize the appellants and therefore proceed to dispose of the case on the merits.

Appellee, Mr. Dow, was appointed assistant county engineer by the Pima County Board of Supervisors in January of 1955 and worked in the Pima County Highway Department until he was terminated on September 19, 1975. When Mr. Dow first became an employee, the head of the highway department was Mr. DiCicco, the Pima County Engineer, and Mr. Dow was the assistant county engineer. In May of 1974, the highway department was reorganized by the Pima County Board of Supervisors. They created the position of "Department Head" and directly under this head was the position of "Deputy Director", who was the county engineer. The Board also passed a resolution creating a county-wide merit system plan. Under this plan the head of a county department was not a classified employee.

On September 3, 1974, Mr. Jerry Jones, pursuant to appointment by the Board of Supervisors, commenced his duties as the Director of the Pima County Highway Department and Mr. DiCicco was the County Engineer until he retired on July 1, 1975. In actual practice, Mr. Jones and Mr. DiCicco shared the duties of the Director of the highway department and Mr. Dow was Mr. DiCicco's deputy.

When Mr. Jones became the Director he was told by the Board of Supervisors that he was not bound by the organization of the highway department as he found it but was free to submit to the Board any plan for reorganization which he saw fit. He did so and in February of 1975, the Board adopted a new plan of organization which was to become effective July 1, 1975. In the meantime, Mr. Jones was instructed to begin the reorganization so that on July 1, 1975, there would be a smooth transition from the old to the new organization.

Under the new organizational plan Mr. Dow's position of assistant county engineer was eliminated. A new position was created entitled "Special Assistant to the Director for Engineering". This position is also referred to as Deputy County Engineer. The office of Deputy Director and Department Head was combined into the "Director's Office" headed by Mr. Jones. The position of "Special Assistant to the Director for Engineering" was the number two position in the department.

During the transition period, Mr. Dow performed some of the duties to be performed by the Special Assistant to the Director of Engineering although he was still officially designated an assistant county engineer. He was told in May of 1975, that his position of Assistant County Engineer was to be eliminated on July 1, 1975 and that if he wanted to be the Special Assistant Director for Engineering, he would have to apply for this position.

In a letter dated May 1, 1975, from Mr. Jones to all division heads, he referred to the new organizational plan and stated that the position of Deputy County Engineer (Special Assistant to the Director of Engineering) was vacant. Mr. Dow applied for the position of Special Assistant to the Director for Engineering. The county also advertised for applications for the new position sought by Mr. Dow.

On July 1, 1975, Mr. Dow's position of assistant county engineer was eliminated. Mr. Jones notified the finance department that they were carrying Mr. Dow as an extra assistant county engineer until the position of Special Assistant to the Director for Engineering had been filled. This was done in order to give Mr. Dow an opportunity to apply for the new position. In a letter dated July 9, 1975, to Mr. Dow, Mr. Jones stated:

" * * * You have applied for the position of Deputy County Engineer [Special Assistant to the Director for Engineering]. This position is not covered under the Pima County Merit System and the person selected will serve at the pleasure of the Board. . . ."

An organizational chart approved by Mr. Jones on August 5, 1975, shows that all of the positions under the new organizational plan had been filled except that of Special Assistant to the Director for Engineering.

In conjunction with the reorganization, the Board of Supervisors, by amendment effective July 1, 1975, added to the list of county employees who were not covered by the merit system. Rule 12.4 of the Pima County Merit System Rules states:

"A. The Commission will not accept appeals from employees in the unclassified service which shall include persons occupying the following authorized positions:

\* \* \* \* \* \*

(4) The single administrative or executive head of each County Department *and their single Assistant Director, Chief Deputy, or Associate Director.*" (Emphasis added)

Mr. Dow received a letter from Mr. Jones on August 26, 1975, which stated that he had not been selected by the interviewing committee for the position of Deputy County Engineer (Special Assistant to the Director for Engineering); that the committee had recommended Mr. Howard Pilkington for the position; that the Board of Supervisors concurred in this recommendation and that Mr. Dow's employment would be terminated on September 19, 1975 if the personnel director was unsuccessful in placing him in another position.

Mr. Dow's employment with the county was terminated on September 19, 1975 and Mr. Pilkington assumed his duties as Special Assistant to the Director for Engineering on September 22, 1975.

Was Mr. Dow the Special Assistant to the Director for Engineering on September 19, 1975? If so, the Merit System Plan as amended on July 1, 1975 would apply and the declination of jurisdiction by the Pima County Merit System Commission would have to be affirmed.

We have been unable to find any evidence which would support this conclusion. While there are statements by Mr. Jones that Mr. Dow ". . . occupied this position" [Special Assistant to the Director for Engineering] and was his deputy between June 5, 1975 and September 15, 1975, it is abundantly clear, however, that Mr. Dow was merely performing these functions and had never been appointed to the position of Special Assistant to the Director for Engineering which was not filled until Mr. Pilkington's appointment.

Since there is no material evidence to support the action of the Pima County Merit System Commission, it acted in excess of its jurisdiction. *Cox v. Pima County Law Council*, 25 Ariz.App. 349, 543 P.2d 470 (1975).

Judgment affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.