623 P.2d 851

**PIMA COUNTY, a body politic and corporate; Katie Dusenberry, Conrad Joyner, Sam Lena, E. S. "Bud" Walker, David Yetman, Members of the Pima County Board of Supervisors; and Richard Boykin, Pima County Sheriff, Plaintiffs/Appellants,**

**v.**

**PIMA COUNTY LAW ENFORCEMENT MERIT SYSTEM COUNCIL, Pat P. Lopez, Jr., Felix L. Goodwin, Betty Milburn, William McCollum, and Kermit Oestrich, in their official capacities only as Members of the Pima County Law Enforcement Merit System Council, and Lupe Klein, Rita M. Ferguson, Blanche N. Johnson, Ruth Freeman, Leatrice O. Corner, Lettie Dee Moore, and Percy Olson, Real Parties In Interest, Defendants/Appellees.**

No. 2 CA–CIV 3742.

Court of Appeals of Arizona, Division 2.

Dec. 24, 1980.

Rehearing Denied Jan. 21, 1981.

Review Denied Feb. 11, 1981.

OPINION

HOWARD, Judge.

The facts of this case can be found in our opinion, *Klein v. Pima Cty. Law Enforcement Merit System*, 119 Ariz. 69, 579 P.2d 573 (App.1978). We supplement it with the following.

Pursuant to our decision in *Klein*, the merit system council reinstated appellees to their former positions as deputy sheriffs and held a hearing to determine the amount of compensation and other benefits to which they were entitled. The hearing officer found that appellees were entitled to reimbursement for withheld wages from August 6, 1972 to May 31, 1980, calculated as the difference between the salary received and that paid to deputy sheriffs during that time period. On appeal, the superior court granted appellees' motion for summary judgment, adopting the dollar-for-dollar findings of the merit° system council. That judgment is the basis of this appeal.

■ Appellants' first claim attacks the jurisdictional basis under which the council entertained appellees' appeal. Their claim is totally without merit however, in light of our mandate in *Klein* requiring the council to accept jurisdiction of appellees' appeal. Furthermore, the taking of appellees' commission as deputy sheriffs was a "demotion" within the purview of A.R.S. Sec. 38–1004(A); *Fleming v. Pima County*, 125 Ariz. 523, 611 P.2d 110 (App.1980); *Reed v. City Council of City of Roseville*, 60 Cal. App.2d 628, 141 P.2d 459 (1943) and jurisdiction by the council was proper to determine appellees' claim for withheld compensation.

Appellants' second contention is that the trial court erred in "reclassifying" appellees and awarding them backpay in conformity with a pay scale wholly unrelated to their job functions. They argue that appellees' status as deputy sheriffs does not give rise to a uniform pay rate to which appellees are now entitled to be reimbursed. For the following reasons we do not agree and affirm the trial court's decision.

Stephen D. Neely, Pima County Atty., by Rita Vatter, Tucson, for plaintiffs/appellants.

Henry J. Severyn, Tucson, for defendants/appellees.

■ The trial court, in a proceeding in which review is sought by way of writ of certiorari, is limited in its scope of review. The court is not permitted to weigh the evidence but may only consider whether there is any evidence revealing that the inferior court acted within its jurisdiction. *Reid v. Ford*, 73 Ariz. 190, 239 P.2d 1079 (1952); *Cox v. Pima County Law Council*, 25 Ariz.App. 349, 543 P.2d 470 (1975) and see A.R.S. Sec. 12–2006. It is only when *no* evidence exists to support the administrative agency's decision that the agency decision is in excess of its jurisdiction; if any evidence supports it, the search for jurisdiction is ended. *Reid v. Ford*, supra; *Cox v. Pima County Law Council*, supra.

■ Review of the record of the council hearing reveals that there was evidence before the council to the effect that the salaries of all deputy sheriffs were standardized by the board of supervisors in July of 1970 and that classification as deputy sheriff would require the payment of a specific salary.

As no jurisdictional fact is in dispute, the trial court did not err in granting appellees' motion for summary judgment.

Affirmed.

HATHAWAY, C. J., and RICHMOND, J., concur.