NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SUNRISE DESERT VISTAS PROPERTY OWNERS ASSOCIATION, INC.,
*Plaintiff/Appellant*,

*v.*

SUZANNE SALLUS; DEPARTMENT OF FIRE, BUILDING, AND LIFE
SAFETY; *Defendants/Appellees*.

No. 1 CA-CV 14-0452
FILED 6-7-2016

Appeal from the Superior Court in Maricopa County
No. LC2013-000042-001
The Honorable Crane McClennen, Judge

**VACATED**

COUNSEL

Bluff & Associates, PC, Phoenix
By Guy W. Bluff, Bruce A. Smidt
*Counsel for Plaintiff/Appellant*

Eckley & Associates, PC, Phoenix
By J. Robert Eckley, John Duke Harris
*Counsel for Defendant/Appellee Suzanne Sallus*

Arizona Attorney General's Office, Phoenix
By Mary DeLaat Williams
*Counsel for Defendant/Appellee Department of Fire, Building, and Life Safety*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Diane M. Johnson and Judge Kent E. Cattani joined.

---

**G E M M I L L**, Judge:

¶1        Appellant Sunrise Desert Vistas Property Owners' Association ("Sunrise") appeals the superior court's decision affirming an order by the Director of the Office of Administrative Hearings that Sunrise violated the law by failing to provide certain documentation to Appellee Suzanne Sallus. Because we conclude that the administrative agency and the administrative law judge ("ALJ") lacked subject matter jurisdiction, we vacate the ruling of the superior court and the ruling of the ALJ.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        Sunrise is the property owners' association for a residential development known as Sunrise Desert Vistas. In late February 2011, Sallus entered into escrow for the purchase of a home in Sunrise Desert Vistas. On March 10, 2011, the title company wrote Sunrise requesting information on the amount and timing of Sunrise's maintenance fees, special assessments, resale statement fees, and transfer fees. Sunrise responded two days later with the requested information. Sunrise also wrote to Sallus' family trust on April 1, 2011, stating in relevant part:

> We are the Property Owner's Association for [Sallus' address and parcel number]. This letter is to inform you that the CC&R's and Bylaws for the Sunrise Desert Vista Property Owner's Association in [sic] on our web site . . .
>
> Our assessments for 2011 were $5.50 per acre owned. These assessments can be increased by 10% each year. There was also a grading assessment in 2011 which was $60 per lot. These fees have already been paid in full for 2011 by the seller.

Sallus closed escrow on or about April 2, 2011.

¶3        Approximately one year later, Sallus filed a petition with the Department of Fire, Building, and Life Safety ("the Department") alleging, among other things, that Sunrise had violated the disclosure requirements of the Planned Communities Act (the "Act"). At that time, the Act required

a planned community association to provide specified documents (including association bylaws, rules, and financial information) to a purchaser within ten days of receiving notice of a pending sale.[1]

**¶4**        The Department set the matter for a hearing before an ALJ on the disclosure issue.  At the hearing, Sunrise argued that the Act did not apply because Sunrise was not a "planned community" as defined by A.R.S. § 33-1802(4) and that the ALJ therefore lacked jurisdiction to hear the dispute.[2]  The ALJ did not expressly rule on Sunrise's jurisdictional defense, but found that Sunrise violated § 33-1806(A) and ordered it to provide all of the documents specified therein.  The ALJ also ordered Sunrise to pay Sallus' filing fee in accordance with A.R.S. § 41-2198.01.[3]

**¶5**        Sunrise appealed to the superior court pursuant to A.R.S. § 12-901, *et. seq.*  The superior court affirmed the ALJ's decision and awarded Sallus attorney fees under A.R.S. § 33-1806(B).  Sunrise timely appealed the superior court's judgment.  We have jurisdiction under A.R.S. § 12-913. *Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014).

## JURISDICTION

**¶6**        Administrative decisions that reach beyond an agency's statutory power are void. *Ariz. Bd. of Regents for & on Behalf of Univ. of Ariz. v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Adm'r*, 160 Ariz. 150, 156 (App. 1989).  We review the issue of subject matter jurisdiction de novo. *TWE Ret. Fund Trust v. Ream*, 198 Ariz. 268, 271, ¶ 11 (App. 2000).

**¶7**        The Department's relevant jurisdiction is set forth in A.R.S. § 41-2198.01(B):

---

[1]  A.R.S. § 33-1806(A) was revised effective January 1, 2012, and now requires disclosure of additional items.  *See* 2011 Ariz. Legis. Serv. Ch. 65. In this decision, we refer to the March 2011 version of the statute unless otherwise noted.

[2]  A.R.S. § 33-1802(4) was revised in 2014.  2014 Ariz. Legis. Serv. Ch. 112. Again, we refer to the March 2011 version of the statute unless otherwise noted.

[3]  The ALJ referenced A.R.S. § 41-2198.01 but presumably meant § 41-2198.02(A).

For a dispute between an owner and a condominium association or *planned community association* that is regulated pursuant to title 33, chapter 9 or 16, the owner or association may petition the department for a hearing concerning violations of condominium documents or planned community documents or violations of the statutes that regulate condominiums or planned communities.

(Emphasis added.) An administrative agency is empowered to determine the facts necessary to confer its jurisdiction. *Ross v. Ariz. State Pers. Bd.*, 185 Ariz. 430, 432 (App. 1995). Here, we may infer that the ALJ found jurisdiction because she expressly referred to Sunrise as a "planned community association" and then issued a substantive ruling.[4] *See Cox v. Pima County Law Enforcement Merit Sys. Council*, 25 Ariz. App. 349, 350 (1975) ("Absent specific rules or statutory requirements, it is not essential in hearings before an administrative agency that specific findings of fact be made on every issue … .") (internal quotation marks omitted).

¶8 On appeal, Sunrise essentially concedes that it was an "association" under A.R.S. § 33-1802(1), but argues that it was not a "planned community." As of March 2011, A.R.S. § 33-1802(4) defined a "planned community" in pertinent part as follows:

In this chapter and in the community documents, *unless the context otherwise requires*:

4. "Planned community" means a real estate development *which includes real estate owned and operated by a nonprofit corporation or unincorporated association of owners* that is created for the purpose of managing, maintaining or improving the property and in which the owners of separately owned lots, parcels or units are mandatory members and are required to pay assessments to the association for these purposes.

(Emphasis added.) Sunrise argues that it was not a "planned community" when Sallus made her purchase because it did not own any real estate at that time. Sallus conceded at oral argument before this court that there is

---

[4] We make the same inference from the superior court's judgment because it expressly acknowledged Sunrise's jurisdictional challenge and then found that "the authorities and arguments provided by Sallus are well-taken."

no evidence Sunrise owned real estate at the time of this dispute. Instead, Sallus contends that the introductory phrase "unless the context otherwise requires" in A.R.S. § 33-1802 permits classification of Sunrise as a planned community because of how it was formed and operated. We disagree.

¶9        When construing statutes, we look to the language of the statute and strive to give words their plain meaning. *Villa De Jardines Ass'n v. Flagstaff Bank, FSB*, 227 Ariz. 91, 95 ¶ 7 (App. 2011); *see also Callender v. Transpacific Hotel Corp.*, 179 Ariz. 557, 561 (App. 1993) ("we presume the legislature expressed its meaning in as clear a manner as possible.").

¶10       Although A.R.S. § 33-1802 includes "unless the context otherwise requires" in the introductory sentence, the plain language of paragraph four requires that in order to be considered a "planned community," an entity must own and operate real estate. This court has interpreted the phrase "unless the context otherwise requires" to allow some flexibility in interpreting a statute, but not to the extent of disregarding the language of a statute or the legislative intent embodied by that language. *See Cable One, Inc. v. Ariz. Dept. of Revenue*, 232 Ariz. 275, 284, ¶ 42 (App. 2013) ("Although this prefatory phrase may allow some flexibility in interpreting or applying [the statute at issue], that flexibility does not allow us to disregard legislative intent or to read into the statute terms, limits, or requirements that are simply not there.") (internal citation omitted). Even though this court has noted that this prefatory language means a statute is "not to be applied mechanistically and rigidly," *State v. Heylmun*, 147 Ariz. 97, 99 (App. 1985), interpreting § 33-1802(4) to mean what it precisely says is neither mechanical nor rigid. The plain meaning of the statute requires ownership and operation of real property in order for an entity to qualify as a "planned community." Based on that reading, we conclude that Sunrise was not a "planned community" as defined by A.R.S. § 33-1802.

¶11       We draw additional support for our conclusion from the Legislature's 2014 revision of § 33-1802(4), which provides as follows (new language emphasized):

> "Planned community" means a real estate development that includes real estate owned and operated by *or real estate on which an easement to maintain roadways or a covenant to maintain roadways is held by* a nonprofit corporation or unincorporated association of owners, that is created for the purpose of managing, maintaining or improving the property and in which the owners of separately owned lots, parcels or units

> are mandatory members and are required to pay assessments
> to the association for these purposes.

A.R.S. § 33-1802(4); 2014 Ariz. Legis. Serv. Ch. 112.  When the legislature amends a statute, we will generally "presume they intended to change existing law rather than perform a futile act." *Jangula v. Ariz. Prop. and Cas. Ins. Guar. Fund*, 207 Ariz. 468, 471, ¶ 16 (App. 2004) (quoting *Rotter v. Coconino County*, 169 Ariz. 269, 274 (1991)).  The language added in 2014 suggests that, under the prior version of the statute in effect in 2011, merely holding such an easement or covenant to maintain roadways was not enough for an entity to qualify as a "planned community."  On this record, therefore, Sunrise was not a "planned community" under A.R.S. § 33-1802(4) in 2011.

**¶12**        Although it appears Sunrise would be considered a "planned community" under the current version of A.R.S. § 33-1802(4), we must, of course, look to the words of the statute at the time in question.  Because Sunrise did not qualify as a "planned community" under that definition, the Department and the ALJ lacked jurisdiction to adjudicate the dispute between Sunrise and Sallus under A.R.S. § 41-2198.01(B).  *See Ariz. Bd. of Regents*, 160 Ariz. at 156.

## CONCLUSION

**¶13**        Because the Department and the ALJ lacked subject matter jurisdiction over this dispute, we vacate the superior court's decision and award of fees and costs to Sallus, and we vacate the ALJ's findings and conclusions.  Also, Sallus must refund the $550 paid to her by Sunrise pursuant to the ALJ's order.

**¶14**        Because we resolve this matter in favor of Sunrise, we deny Sallus' request for attorney fees under A.R.S. § 12-341.01.  We also decline, in our discretion, Sunrise's request for attorney fees.  We do, however, award Sunrise its statutory taxable costs on appeal upon compliance with Arizona Rule of Civil Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA