596 P.2d 724

Koneta SACKEY, a married woman, Plaintiff/Appellant,

v.

COCHISE COUNTY MERIT COMMISSION, consisting of Marian Bauhs, John Doe and Jane Doe, 1 through 6, Cochise County Hospital, James R. Thomas, its administrator and John Hoopes, its Assistant Administrator, Defendants/Appellees.

No. 2 CA-CIV 3139.

Court of Appeals of Arizona, Division 2.

May 15, 1979.

---

cus curiae State of Arizona, Dept. of Law, Civil Rights Div.

## OPINION

RICHMOND, Chief Judge.

On December 6, 1977, appellant filed a grievance petition with her employer, the Cochise County Hospital, alleging unfair employment practices. The Cochise County Merit Commission refused her a hearing on the petition and she sought review in superior court. Her action was dismissed on appellees' motion for lack of subject matter jurisdiction and failure to state a claim.

Appellant argues for reversal on the ground that the trial court had jurisdiction because the order of the merit commission was a final decision reviewable under the Administrative Review Act, A.R.S. § 12–901, et seq. In the alternative, she contends she was entitled to a writ of mandamus ordering the commission to grant her a hearing. We affirm the judgment of dismissal because appellant was not entitled to administrative review and her petition did not present a grievance requiring a hearing before the merit commission.

■ The dismissal was in the nature of a summary judgment, inasmuch as matters outside the complaint were presented to and not excluded by the court. 16 A.R.S. Rules of Civil Procedure, rule 12(b). On appeal from a summary judgment the facts must be viewed in a light most favorable to the party opposing the motion. *Arizona Coffee Shops v. Phoenix Downtown Parking Association, Inc.,* 95 Ariz. 98, 387 P.2d 801 (1963).

Appellant has worked at the Cochise County Hospital as a laboratory technician since April of 1977. On October 24, 1977, she learned that the hospital was recruiting for a laboratory supervisor and informed the hospital administrator that she was interested. She was told to submit a resume, which she did on October 26. On November 3 she learned that someone else had been hired. She then filed a statement of employee grievance claiming she had been told she "was not qualified without benefit of an

Michael P. Pollard, Tucson, for plaintiff-appellant.

Beverly H. Jenney, Cochise County Atty. by Robert M. Jarrett, Jr., Chief Deputy County Atty., Bisbee, for defendants-appellees.

Robert K. Corbin, Atty. Gen. and Arthur G. Garcia, Asst. Atty. Gen., Phoenix, Executive Director Civil Rights Div. by Heather Sigworth, Asst. Atty. Gen., Tucson, for ami-

interview" and would not be considered because she was pregnant. In the place on the grievance form entitled "Remedy Requested," she stated that when new requirements of the Department of Health, Education and Welfare take effect she wished "to be *seriously* considered" for the laboratory supervisor position, and that she would meet those requirements in July, 1978.

In a letter dated December 7, the assistant administrator of the hospital informed appellant that he saw no reason why the hospital "cannot do exactly as you have requested." In spite of this response she proceeded with the grievance procedure for county employees and brought the matter to the attention of both the hospital administrator and the hospital personnel director. In correspondence dated December 19 the administrator informed appellant that in view of the favorable response from her immediate supervisor he was at a loss to understand any further disagreement.

Appellant then filed a complaint with the county merit commission, whose refusal to grant her a hearing was based on the adequacy of the responses in the preliminary steps of the grievance procedure. On August 1, 1978, she commenced this action in superior court requesting a review of the commission's action and a trial de novo to determine if the refusal to "hire plaintiff was discriminatory against her on the basis of sex and physical disability."

 The merit commission is an agency of the county, A.R.S. § 11–351, et seq., and therefore not an "agency" as defined in the Administrative Review Act. *See* A.R.S. § 12–901. The only decisions of the commission subject to administrative review, therefore, are those expressly made so by § 11–356 on appeals in cases of dismissal, suspension, or reduction in rank of employees. Appellant's complaint was that she was not properly considered for a promotion. Since § 11–356 does not authorize any appeal for failure to promote, the Administrative Review Act has no application.

Because there was no statutory authorization for the appeal, we do not reach arguments relating to the finality of the merit commission's decision and exhaustion of remedies.

 The remaining question is whether appellant presented a claim for mandamus. The only remedy she requested throughout the grievance procedure was "to be *seriously* considered for the laboratory supervisor's position" when H.E.W. requirements take effect. At each step of the procedure she was assured that she would be. As a result there was no grievance for the merit commission to hear on appeal. Inasmuch as she was not entitled to a hearing, she is not entitled to mandamus.

Affirmed.

HOWARD and HATHAWAY, JJ., concurring.