644 P.2d 289

**PIMA COUNTY, a body politic and corporate, Plaintiff/Appellee,**

v.

**Lupe KLEIN, Blanche N. Johnson, Ruth Freeman, Leatrice O. Corner, Rita M. Ferguson, Lettie Dee Moore and Percy L. Olson, Defendants/Appellants.**

**No. 2 CA–CIV 4216.**

Court of Appeals of Arizona, Division 2.

April 8, 1982.

Stephen D. Neely, Pima County Atty. by Rita Jett, Harold L. Higgins, Jr. and Frank Cassidy, Third Year Law Student under Rule 28(e), Tucson, for plaintiff/appellee.

Henry J. Severyn, Tucson, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This is the third time we have had this case before us on appeal. In our first opinion, reported as *Klein v. Pima County Law Enforcement Merit System Council*, 119 Ariz. 69, 579 P.2d 573 (App.1978), we held that seven employees of the Pima County Sheriff, to-wit: Lupe Klein, Blanche N. Johnson, Ruth Freeman, Leatrice O. Corner, Rita M. Ferguson, Lettie Dee Moore and Percy L. Olson, were entitled to have their appeal concerning reclassification and reinstatement to their positions as deputy sheriffs heard by the council. Then, in *Pima County v. Pima County Law Enforcement Merit System Council*, 128 Ariz. 62, 623 P.2d 851 (App.1980), we affirmed a judgment of the superior court entered June 16, 1980, for wages due the seven employees in the total amount of $185,239. That judgment was entered following appeal of the decision of the council. The trial court adopted the findings of the coun-cil. The appeal to the superior court was pursuant to A.R.S. § 38–1004 for review upon writ of certiorari. It was not an appeal pursuant to A.R.S. § 12–901 et seq. (Title 12, Chapter 7, Article 6) providing for judicial review of administrative decisions. *See Sackey v. Cochise County Merit Commission*, 122 Ariz. 586, 596 P.2d 724 (App. 1979).

Our mandate affirming the money judgment was issued February 24, 1981. The appellee did not pay the judgment. On May 13, the appellants moved to amend the judgment to increase the amounts provided for three of the employees who had continued in their employment after May 30, 1980. The original judgment had provided for wages only to that date. The proposed amendment was for wages from that date to April 5, 1981. The motion also sought the inclusion of the 15% penalty provided for in A.R.S. § 23–360. That statute reads:

"An employer who has been ordered by the department pursuant to § 23–358 or a court to pay wages due an employee and who fails to do so within ten days after the order becomes final is liable to pay the employee an additional amount which is equal to fifteen per cent of the amount of the unpaid wages, which shall be added to the amount of the judgment and shall be subject to interest at the legal rate."

The trial court amended the judgment July 23 to provide for the additional wages for the three employees, in the total amount of $17,839 but denied that part of the motion which sought the 15% penalty. This appeal is from the trial court's order denying that relief.

On July 10, 1981, the appellee did pay the judgment, including the $17,839 added by the subsequent amendment. We surmise the parties agreed or otherwise knew that the amendment was forthcoming. Thus the original judgment of $185,239 was not paid within the 10 days provided in A.R.S. § 23–360. The amount added by amendment, $17,839, was paid not only within but before that time period.

The sole issue on appeal is whether the appellants were entitled to have the 15% penalty added to the judgment. The trial court refused to add the penalty. We disagree with that ruling.

The resolution of this issue turns on an interpretation of the statute we have quoted above, A.R.S. § 23–360. This statute was added to Title 23 of the Arizona code by Chapter 202, Laws 1980, House Bill 2083 of the second regular session of the 34th legislature, and became effective July 31, 1980. The subject matter of Title 23 is Labor. Chapter 202 added A.R.S. sections 23–350 and 23–356—361; amended sections 23–351, 353 and 355, and repealed section 23–352. Generally it appears that the purpose of the amendment was to broaden Article 7 of Title 23, dealing with the payment of wages, to include every employer and every employee in the state and to provide a procedure whereby the labor department of the industrial commission of the state could investigate claims for wages not exceeding $1,000 and direct their payment. A.R.S. § 23–357 provides:

"A. The department shall investigate wage claims timely filed under § 23–356 to determine if wages are due or if a dispute exists between the parties to the claim.

B. Upon completion of its investigation, the department shall notify the parties to the claim of its findings in writing, which may include a finding that a dispute exists which cannot be resolved by the department's investigation. If it is determined that the claim for unpaid wages is valid, the department shall direct that the unpaid wages be paid by the party responsible for their payment."

A.R.S. § 23–358 provides for appeal to the superior court pursuant to the administrative review act, A.R.S. § 12–901, et seq. A.R.S. § 23–358(A) provides:

"A. A party aggrieved by a determination under § 23–357 may seek review pursuant to title 12, chapter 7, article 6."

A.R.S. § 23–358(B) further provides:

"B. If the department's determination finds that there is a dispute which cannot be resolved by investigation, the employee may attempt to recover the amount of wages claimed to be due by instituting a civil action pursuant to § 23–355."

A.R.S. § 23–355, as amended, reads:

"If an employer, in violation of the provisions of this chapter, shall fail to pay wages due any employee, such employee may recover in a civil action against an employer or former employer an amount which is treble the amount of the unpaid wages."

The wages in this cause were not trebled; the amounts which we have set forth represent only the actual wages finally determined to be owing.

The appellee contends that because of the reference in A.R.S. § 23–360 to A.R.S. § 23–358, the legislature intended that the 15% penalty was to be added only to wages found to be due by the department or by a court upon review of a department order. It further contends, since the amount of unpaid wages may be trebled only in a civil action (A.R.S. § 23–355), that the 15% penalty is intended to compensate the employee who elects to file his claim with the department. In other words, it argues the employee who goes to court may have trebled damages; the employee who goes to the department may get the 15% penalty; but neither can have both. Cf. *Lawless v. Davis*, 98 Idaho 175, 560 P.2d 497 (1977).

These contentions have no merit. The statute, A.R.S. § 23–360, provides that an employer who has been ordered by a court to pay wages and fails to do so within 10 days after the order becomes final is liable to pay an additional amount equal to 15% of the unpaid wages. We find this to be a clear expression of legislative intent to protect the wage earner by providing an incentive for the employer to make prompt payment of wages after final judgment. The proceedings in this case furnish an extreme example of the injustice the legislature intended to remedy. The wages here were earned commencing in 1972 and still remained unpaid almost nine years later, and then, after two appeals adverse to the employer, still remained unpaid from February 24 (the date of our mandate) to July 10.

We confess an inability to decide why the legislature referred to A.R.S. § 23–*358* in A.R.S. § 23–360—the language that reads, "An employer who has been ordered by the department pursuant to § 23–358 ...." A.R.S. § 23–358 is not the section under which the department orders wages to be paid; that authority is found in A.R.S. § 23–357. We need not solve this problem, however, since this case does not involve any claim filed with the department.

That part of the judgment denying the appellants the addition of 15% of the original $185,239 is reversed and the trial court is directed to add 15% to that amount, apportioned to the appellants according to their individual interests; that part of the judgment denying appellants a 15% addition to the amount of $17,839 (the amended judgment) is affirmed. Pursuant to A.R.S. § 23–360 the new judgment shall also provide for interest at the statutory rate from 10 days after the date of our mandate issued February 24, 1981.

HOWARD, C. J., and HATHAWAY, J., concur.