238 P.2d 950

WALKER, Superintendent of the Arizona Highway Patrol et al. v. BURR.

No. 5393.

Supreme Court of Arizona.

Dec. 17, 1951.

Rehearing Denied Jan. 16, 1952.

Fred O. Wilson, Atty. Gen., Perry M. Ling, Chief Asst. Atty. Gen., for appellants.

Cusick & Watkins, of Tucson, for appellee.

STANFORD, Justice.

On September 19, 1949, Waldon v. Burr, appellee herein, then a captain in the highway patrol, was notified by the superintendent of the Arizona Highway Patrol that he was discharged, effective September 30, 1949. At the same time he was advised of his right to have the action of the superintendent reviewed by the Merit System Council, and accordingly Burr filed his notice of appeal with the Council. The appeal was set for hearing in Phoenix, Arizona, on October 28, 1949. Burr appeared at the hearing with his attorney, and took part in the proceedings. Although the Council subpoenaed witnesses for Burr, they did not appear at the hearing for the reason, as stated by counsel for Burr, that their fees were not advanced.

The matter was submitted to the Council after testimony was taken and no request was made by Burr for a continuance to secure witnesses who did not appear, nor was there any avowal as to what they would testify to had they been present.

On November 5, 1949, the Council entered its decision and order affirming the action of the superintendent in discharging appellee. On November 23, 1949, Burr petitioned the superior court of Pima county for a writ of certiorari to review the action taken by the Council.

The granting of the writ was followed by an order to show cause, and the matter was submitted to the court on the record made before the Council.

Briefs were submitted and on May 10, 1950, the superior court entered judgment in favor of Burr, on the ground "that the Plaintiff did not have a fair hearing before the Merit System Council, under Section 66–701d, in that no witnesses were available at the hearing to testify on behalf of the Plaintiff", thereby declaring the proceedings before the Merit System Council null and void and of no effect.

Under the provisions of section 28–105, A.C.A.1939, this appeal is now taken from the judgment of the superior court. Appellants offer but one assignment of error, as follows: "The Superior Court erred in its determination that a fair hearing could not be had before the Highway Patrol Merit System Council unless witnesses who had been subpoenaed were available to testify on behalf of the Plaintiff." Following the said assignment of error, appellants have submitted the following three propositions of law:

"I

"In the event witnesses are not for any reason present at the time of a hearing it is the duty of the party to seek a postponement of the hearing under Article 8, Chapter 21, A.C.A.1939. Failing to do so the party may not thereafter assert he was denied a fair hearing by reason of the absence of such witnesses.

"II

"In the event a party fails to tender witnesses fees and mileage to witnesses subpoenaed by him, he may not thereafter claim denial of due process when his witnesses fail to appear at a trial.

"III

"Where a party to an action before a Merit System Council or similar body fails to assert his right to a continuance and fails to present any showing as to the evidence sought from absent witnesses, he may not wait until the council rules against him and then assert that he has been denied due process of law because witnesses were not present."

In support of the first and third propositions of law, it is asserted that whenever a party appears for trial and finds for the first time that his witnesses are not present, it is his duty to comply with section 21–801, A.C.A.1939, which reads: "Whenever an action has been set for trial on a specified date by order of the court, no postponement of the trial shall be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law." Text support for this claim is found in 17 C.J.S., Continuances, § 13: "A party waives whatever rights he may have to a continuance by appearing and going to trial, or proceeding with the trial, without asking for a continuance; * * *."

In the case of City of Tucson v. O'Rielly Motor Co., 64 Ariz. 240, 168 P.2d 245,

252, we quoted with approval the following from 12 Am.Jur., Continuances, section 28: "The rule is practically universal that a continuance will not be granted to enable a party to obtain the testimony of an absent witness unless it appears that the applicant has used due diligence to procure the attendance of such witness or to obtain his testimony. * * *"

■ Appellee contends that the trial had already commenced and he had no chance or occasion to file affidavit and objection to the Council's proceeding with the hearing. Appellee's objections to the hearing were not made until the close of appellants' case before the Council. Nevertheless this court must hold that diligence would prompt the appellee to exert every effort to have the hearing postponed when he saw that he had no witnesses present.

■ In support of the second proposition of law, our attention is invited to the case of Keith v. Civil Service Board, 57 Ariz. 85, 111 P.2d 57, which holds that such hearings are not criminal in nature and therefore the appellee, as a discharged employee, could not expect that the Council would compel the attendance of appellee's witnesses. We also quote, on this subject, 70 C.J., Witnesses, section 43: "In civil actions and proceedings, * * * it is necessary, under the common law, which in a number of jurisdictions has been declared or confirmed by statute, that at the time of the service of a subpoena, the fees to which the witness is entitled for travel to and from the place at which he is commanded to appear, and for one day's attendance there, be paid or tendered him, at least if he demands them, or gives notice that he will refuse to appear without advance payment thereof, * * *."

■ The briefs of both parties have discussed the matter of our ruling on the motion to dismiss this appeal, which was denied by this court September 26, 1950. While this court has spoken on this subject in denying the motion, we have this further to say. Where subdivision (4) of section 66–701b A.C.A.1939, part of the initiated measure pertaining to the handling of dismissals such as the one discussed herein, states that "The council's determination thereon shall be final, except upon appeal as provided in section 66–701d", we hold that that has application to the Merit System Council's having no further jurisdiction to entertain any matter pertaining to such hearing following its ruling. We now quote from section 66–701d: "Any classified employee who is suspended, demoted or dismissed by the patrol superintendent, after a fair hearing and review before the merit system council and confirmation of said superintendent's order or the patrol superintendent when removed by the council *may have the determination of the council reviewed upon writ of certiorari from the superior court* of the county in which said employee resides. * * *" (Emphasis supplied.)

We hold that the portion of the above section which is emphasized means that the decision of the Council may be reviewed by the superior court as has been done here, and following that, section 28–105, A.C.A.1939, pertaining to appeals from judgment on writs of certiorari, shall apply. This latter section reads in part: " * * * If the judgment be rendered in any other than the Supreme Court, an appeal may be taken from the judgment as in a civil action." Accordingly, we hold that the appeal taken by appellants to this court was proper.

The judgment of the superior court is reversed and the order of the Merit System Council, upholding the action of the superintendent in discharging appellee Burr, is reinstated.

UDALL, C. J., and PHELPS, DE CONCINI and LA PRADE, JJ., concur.