567 P.2d 1195

Robert E. JUSTICE, a married man, Appellant,

v.

The CITY OF CASA GRANDE, a municipal body politic and David L. Kincanon, in his representative capacity as City Manager for the City of Casa Grande, Appellees.

No. 2 CA–CIV 2328.

Court of Appeals of Arizona, Division 2.

April 26, 1977.

Rehearing Denied June 30, 1977.

Review Denied July 19, 1977.

James A. Ullman, P.C., by James A. Ullman, Phoenix, for appellant.

Clifford J. Frey, Casa Grande, for appellees.

## OPINION

HOWARD, Chief Judge.

Appellant was discharged from his employment as a police officer with the City of Casa Grande Police Department. The dismissal resulted from three separate incidents during a six-week period where persons arrested by appellant complained upon release that they were missing money. In each case, the person was intoxicated when appellant booked him, inventoried his possessions and filled out the property receipt. The money claimed to be missing in the three incidents totaled approximately $110.

After the third incident, appellant took a polygraph test. The test results indicated that he was not telling the truth when he denied taking the money, and the Chief of Police thereupon discharged him. A hearing was held before the Personnel Advisory Board during which appellant and several other persons testified as to the circumstances of the incidents and the polygraph examiner testified as to the test results.

Upon the Board's unanimous recommendation following the hearing, the City Manager affirmed appellant's dismissal. This appeal is from a judgment in a special action in superior court upholding appellant's dismissal.

■ Appellant first argues that the decision to dismiss him was not based on "substantial evidence". While "substantial evidence" is the standard for review under the Administrative Review Act, A.R.S. § 12–901 et seq., the Act does not apply to the present case. Here review was by way of special action in superior court and the scope of review is therefore limited. The court looks to see whether the administrative action was arbitrary, capricious or an abuse of discretion and will only intervene where *no* evidence exists to support the decision. *Cox v. Pima County Law Enforcement Merit System Council*, 25 Ariz. App. 349, 543 P.2d 470 (1975).

■ We have reviewed the record and conclude there was evidence upon which the Board could have found "just cause" for dismissing appellant. Although he complains that aside from the polygraph test all the evidence was circumstantial, we note that the probative value of evidence is not reduced simply because it is circumstantial. *State v. Green*, 111 Ariz. 444, 532 P.2d 506 (1975). Even a criminal conviction may be sustained on circumstantial evidence alone, *State v. Green*, supra, and surely no higher standard is required for administrative proceedings.

■ In any event, here the circumstantial evidence was corroborated by the results of the polygraph test. Although appellant now contends that the polygraph evidence should have been excluded, at the hearing he stated, "I have no objection to something indicating that the lie detector was not passed. . . ." Accordingly, he did not object to the introduction of a letter from the Chief of Police to appellant which stated:

"As you are aware, three instances were brought to my attention where three totally unrelated and separate indi-

viduals were claiming to be missing money after they were arrested by you. An investigation was made into this matter. You submitted to a polygraph examination and it was the opinion of the polygraph examiner that you had stolen money from the three aforementioned individuals. You are hereby terminated from the Casa Grande Police Department."

It was only during the testimony of the polygraph examiner himself that appellant objected on the ground that Arizona law did not allow polygraph evidence to be admitted in criminal and civil matters except upon stipulation of the parties. See *State v. Valdez*, 91 Ariz. 274, 371 P.2d 894 (1962); *Goldthorpe v. Farmers Insurance Exchange*, 19 Ariz.App. 366, 507 P.2d 978 (1973). Appellant now argues that the same rule should be applied to administrative proceedings; however, we need not reach that question. Evidence otherwise inadmissible may be considered by an administrative agency where it is admitted without objection. *Opp Cotton Mills v. Administrator of Wage and Hour Division of Department of Labor*, 312 U.S. 126, 61 S.Ct. 524, 85 L.Ed. 624 (1941); *Skaggs v. Bennett Van & Storage*, 204 Okl. 32, 226 P.2d 419 (1951). Thus, where the general results of the test were already before the Board without objection, any error in the admission of the testimony of the examiner as to specific questions, answers, and results, was harmless.[1] *Siegrist v. Carrillo*, 112 Ariz. 218, 540 P.2d 690 (1975); *Zier v. Shamrock Dairy of Phoenix, Inc.*, 4 Ariz.App. 382, 420 P.2d 954 (1966).

Appellant's final argument is that the Board failed to make appropriate findings of fact and conclusions of law pursuant to Section 5 of Rule 18, Casa Grande Personnel Rules and Regulations. Section 5 states:

"The Personnel Board shall, within 10 days after the conclusion of the hearing, certify its findings and recommendations which shall be advisory to the City Manager, in writing to the appellant and to the City Manager."

We do not believe Section 5 requires specific findings of fact. The word "findings" denotes a "result" by way of a conclusion of fact or law and may be distinguished from a "finding of fact" which is a factual determination devoid of legal conclusion. *Martin v. Wayne County Civil Service Commission*, 16 Mich.App. 536, 168 N.W.2d 419, 421 (1969). In the absence of a statute or rule requiring an administrative board to make detailed findings of fact, none are required. *Cox v. Pima County*, supra. Although it would be helpful to have detailed findings of fact, it is sufficient here that the Board found the ultimate fact, i. e. that appellant was properly discharged and that his dismissal should be upheld. *Cox v. Pima County*, supra.

Affirmed.

HATHAWAY and RICHMOND, JJ., concur.

---

1. Polygraph evidence has been held admissible in administrative proceedings in *Chambliss v. Board of Fire and Police Commissioners of East St. Louis*, 20 Ill.App.3d 24, 312 N.E.2d 842 (1974), even in the absence of stipulation where a proper foundation has been laid. We note that Illinois, like Arizona, recognizes that polygraph tests have sufficient probative value to warrant admissibility in criminal and civil proceedings upon stipulation by the parties. But see *Sowa v. Looney*, 23 N.Y.2d 329, 296 N.Y. S.2d 760, 244 N.E.2d 243 (1968) holding polygraph evidence inadmissible where no proper foundation was laid and where the tests themselves were inconclusive, in a jurisdiction which does not allow polygraph evidence in criminal or civil matters, even upon stipulation.