573 P.2d 497

**ARIZONA DEPARTMENT OF PUBLIC SAFETY, the Law Enforcement Merit System Council and its members, V. C. Foster, Chairman, J. F. Shahan and E. A. Vitolins, and Lloyd Robertson, Acting Director, Department of Public Safety, Appellants,**

v.

**William J. DOWD, Appellee.**

**No. 1 CA–CIV 3117.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 18, 1977.

Rehearing Denied Nov. 22, 1977.

Review Denied Jan. 4, 1978.

system rules of Officer William J. Dowd's discharge from his employment with the Arizona Department of Public Safety.

On November 15, 1974, Officer Dowd's employment was terminated by the acting director of the Department of Public Safety. Pursuant to applicable merit system rules, he requested a hearing before the Law Enforcement Merit System Council (council). Thereafter a hearing was held before the council, extensive testimony and documentary evidence were received, and the three member council voted unanimously to affirm the decision of the acting director in terminating Officer Dowd's employment.

Officer Dowd then sought review in the Maricopa County Superior Court by writ of certiorari. After reviewing the record established before the council and hearing oral argument, the trial judge entered judgment overruling the council's decision, ordered that Officer Dowd be reinstated to his former rank and pay, and that he be reimbursed for any compensation withheld pending determination of the matter by the council and the superior court. As a basis for his decision the trial judge found that:

". . . the respondents have failed to regularly exercise their authority . . . as follows:

"1. That the record shows that William J. Dowd was denied a fair and impartial hearing;

"2. That the evidence does not support a finding of gross violation warranting dismissal."

Bruce E. Babbitt, Atty. Gen., by Jon M. Memmott, Asst. Atty. Gen., Phoenix, for appellants Law Enforcement Merit System Council.

Randy H. Wakefield, Sp. Counsel, Ariz. Dept. of Public Safety, Phoenix, for appellant Ariz. Dept. of Public Safety.

Sullivan, Mahoney & Tang by William P. Mahoney, Jr., Phoenix, for appellee.

## OPINION

HAIRE, Judge.

The questions raised on this appeal concern the propriety under applicable merit

■ A suspended, demoted or dismissed classified employee of the Department of Public Safety may have an adverse decision of the Law Enforcement Merit System Council reviewed "upon writ of certiorari from the superior court of the county in which the employee resides." A.R.S. § 28–236.[1] The scope of review by certiora-

1. In appellee's brief filed in this Court, and in the trial court's written judgment, reference is made to A.R.S. §§ 38–1003 and 1004. These statutory sections are only applicable to merit systems established for certain law enforcement officers employed by counties, cities or

ri is established by A.R.S. § 12–2006 as not extending further than a determination of "whether the inferior tribunal, board or officer has regularly pursued its authority."

Case law interpretations as to the questions which may be raised on review by certiorari (in the absence of special statutory provisions) are well summarized in Rule 3(b) and (c), Rules of Procedure for Special Actions, 17A A.R.S., as follows:

"(b) Whether the defendant has proceeded . . . without or in excess of jurisdiction or legal authority; or

"(c) Whether a determination was arbitrary and capricious or an abuse of discretion."

■■■ In determining these questions, the reviewing court may not weigh the evidence on which the decision was based. *Mueller v. City of Phoenix*, 102 Ariz. 575, 435 P.2d 472 (1967). To determine the sufficiency of the evidence to support the inferior board or tribunal's decision, it is necessary to determine whether the decision sought to be reviewed is without any evidence to support it, or is absolutely contrary to uncontradicted and unconflicting evidence upon which it purports to rest. *East*

*Camelback Homeowners Association v. Arizona Foundation for Neurology and Psychiatry*, 18 Ariz.App. 121, 500 P.2d 906 (1972).

Applying these principles, we consider first the trial court's finding that Officer Dowd was denied a fair and impartial hearing. Appellee's arguments in support of this finding fall into two categories. The first appears to be a due process constitutional attack upon the statutory structure creating and regulating the administrative review process for personnel disciplinary problems arising under the Department of Public Safety Law Enforcement Merit System. The arguments in this regard are somewhat difficult to analyze and discuss, since no attack has been made on any specific statute or merit system rule. However, the focus of the argument is directed against the fact that administrative review of a decision of the director terminating an employee covered by the department's merit system is accomplished by requesting a hearing before the Law Enforcement Merit System Council, which in appellee's words, "is the same body charged by statute with creating and managing the entire merit system."[2] Appellee attacks the "in-house" na-

---

towns. *See* A.R.S. § 38–1001. The statutory provisions governing the Law Enforcement Merit System Council for classified employees of the Department of Public Safety are found in A.R.S. §§ 28–235 and 236.

2. A.R.S. § 28–235 provides, in pertinent part, as follows:

"A. The governor shall appoint a law enforcement merit system council consisting of three persons chosen on the basis of experience in and sympathy with merit principles of public employment, who shall not have held elective public office within one year preceding appointment. They shall not hold any other political office while serving on the council, and a vacancy shall be filled by the governor upon the same basis as the original appointment. They shall receive no compensation for their services.

\* \* \* \* \* \*

"C. The council shall:

"1. Select a chairman and secretary.

"2. Hold meetings necessary to perform their duties on call of the chairman.

"3. Pursuant to recognized merit principles of public employment, from time to time:

"(a) Classify or reclassify all positions in the department of public safety, from a list of necessary employees prepared by the director.

"(b) Establish standards and qualifications for all classified positions.

"(c) Provide a plan for fair and impartial selection, appointment, retention, and separation or removal from service by resignation, retirement or dismissal of all classified employees.

"4. Pursuant to recognized merit principles, hear and review appeals from any order of the director of the department of public safety in connection with suspension, demotion or dismissal of a classified employee. The council's determination thereon shall be final, except upon appeal as provided in § 28–236.

"5. The council shall prepare an annual recommendation to the legislature and joint legislative budget committee of a salary plan and adjustments thereto for employees subject to the jurisdiction of the law enforcement merit system council. Such recommendation shall be made on or before December 1 of each year. The recommendation when completed shall be transmitted to the legislature and joint legislative budget committee through the state personnel commission.

ture of the administrative review provided by A.R.S. § 28–236 and pertinent rules, urging that constitutional due process entitles him to an administrative hearing body completely independent of duties involving the "legislative" and "executive" aspects of administering the Department of Public Safety's employee merit system.

■ Without question, due process considerations entitled Officer Dowd to a hearing before a fair and impartial tribunal. See *Perry v. Sindermann*, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). The essence of appellee's contention is that by reason of the council's total involvement in Department of Public Safety matters, the members have such a substantial interest in the outcome that they have in effect become "judges in their own cause." Notwithstanding innuendoes in appellee's brief to the contrary, there is no provision in the statutes governing the creation of the Law Enforcement Merit System Council or in the overall statutory scheme relating to the Department of Public Safety which imposes duties upon the Law Enforcement Merit System Council in the day-to-day administration or operation of the Department of Public Safety. Its statutorily prescribed duties are to ensure that the employment practices of the Department of Public Safety in hiring, promotion and discipline are in accordance with recognized principles of merit system employment. The function of the council is thus limited to providing for the Department of Public Safety the services of a personnel commission. Although the performance of this function necessitates a knowledge of the department's organization, operations and policies, the council is an independent body and not merely an agency of the Department of Public Safety. No authorities have been cited which, under these circumstances, would create due process doubts insofar as the constitutional validity of the statutory scheme is concerned.

Separate and apart from the contention that the Law Enforcement Merit System statutory scheme is defective in a due process sense, appellee contends that the record reflects that members of the council were in fact biased and not impartial. The Court has reviewed the entire record and finds no substantial support for this contention. Rather, a reading of the transcript of the hearing reveals that appellee's hearing was conducted fairly and impartially by the appellant council.

■ Appellee complains of "extra-judicial" knowledge which the members of the council must have had,[3] but points to no particular knowledge having any direct bearing on the charges brought against appellee. In essence the complaint appears to be that because of the past concentration of the council's attention on problems concerning the Law Enforcement Merit System of the Department of Public Safety, the council members must have developed some expertise and knowledge concerning Department of Public Safety operational procedures and personnel. As an example in that regard, appellee points out that after an objection was made to attempts by opposing counsel to discredit one of appellee's witnesses by showing that the witness had been previously suspended without pay, the chairman, before sustaining the objection, stated:

"THE CHAIRMAN: Well, actually the Council is familiar with these things, and under our rules we will consider them when it comes time to evaluate the testimony and so forth, so I will sustain the objection."

When considered in context with the detailed objection made by appellee's counsel, and in the absence of some further elaboration in the record, this court is not impressed that the rather equivocal language "these things" as used by the chairman can

---

"D. The council may meet with the state personnel commission from time to time to discuss matters of mutual concern."

3. The statement is made in appellee's brief that "the council must have known something about each of the witnesses which may or may not have had a bearing on their credibility in the minds of the council members."

be given the broad scope of extra-judicial knowledge directly pertaining to these proceedings as contended by appellee.

■ In further support of his claim of actual bias and lack of impartiality the appellee complains that the Department of Public Safety used one of its own employees to present its case at the hearing before the merit system council rather than hiring an outside attorney, and that the son of one of the members of the council was an officer in the Department of Public Safety. What materiality these facts have insofar as concerns any actual bias and prejudice which the members of the council might have against appellee personally is not pointed out by appellee nor has this court been able to ascertain such from the record.

■ Finally, appellee complains that the record discloses numerous instances where witnesses for both the Department of Public Safety and appellee were vigorously cross-examined by special counsel for the Department of Public Safety concerning alleged misconduct on their own part, and that these were "prejudicial tactics". We have reviewed the record and to some extent the complained-of cross-examination was material to a showing of the credibility or bias of the particular witness involved. To the extent that counsel now claims that this cross-examination may have tended to go beyond appropriate limits, he points to no instance in which he made an objection which was not sustained.

We have considered all of appellee's claims relating to bias and lack of impartiality on the part of the members of the merit system council, and whether considered separately or collectively, these do not constitute any substantial basis from which the trial court could have concluded that appellee was denied a fair and impartial hearing by the appellant Law Enforcement Merit System Council. We therefore need not consider the effect of appellee's failure to raise or present any objections on the issue of the alleged bias and prejudice of the council prior to the issuance of the council's decision which was unfavorable to appellee.

■ We now consider whether the evidence justified the council's affirmation of the termination of Officer Dowd's employment. In this connection, the superior court specifically found that "the evidence does not support a finding of gross violation warranting dismissal." Inasmuch as the evidence was essentially uncontradicted, we do not interpret the trial judge's finding as going to the factual sufficiency of the evidence from a quantum standpoint, but rather we interpret his holding as a ruling that, as a matter of law, the acts charged did not constitute a sufficient legal basis to justify termination of Officer Dowd's employment. In fact, Officer Dowd's basic position at the hearing before the merit system council was not to deny the charges, but rather to explain them and de-emphasize their importance, and rely upon his past good job performance.

A.R.S. § 28–235 does not set a definite legal standard governing the circumstances under which the employment of a classified Department of Public Safety employee may be terminated. *Cf. Civil Service Commission of City of Tucson v. Livingston,* 22 Ariz.App. 183, 525 P.2d 949 (1974), *cert. denied,* 421 U.S. 951, 95 S.Ct. 1685, 44 L.Ed.2d 105 (1975). Rather, the statute directs the merit system council as follows:

"C. The council shall:

    \*     \*     \*     \*     \*     \*

"3. Pursuant to recognized merit principles of public employment . . . . :

    \*     \*     \*     \*     \*     \*

"(c) Provide a plan for fair and impartial . . . . separation or removal from service by . . . dismissal . . . ."

Pursuant to this statutory mandate the council has adopted pertinent rules. Rule 8.1.01 provides for "removal for cause". Rule 8.3.01 defines "punitive action as including dismissal from service." Rule 8.3.03 then proceeds to list various types of conduct as constituting causes for punitive action, including the following:

"8.3.03 CAUSES FOR PUNITIVE ACTION

"Each of the following constitutes cause for discipline or discharge of an employee:

\*      \*      \*      \*      \*      \*

"(c) Misfeasance, malfeasance or nonfeasance, which shall include, but shall not be limited to:

\*      \*      \*      \*      \*      \*

(4) Insubordination or any willful disobedience

(5) Dishonesty or any breach of integrity

(6) Inexcusable absence without leave

(7) Disrespectful behavior toward a supervisor and/or supervisory directive

\*      \*      \*      \*      \*      \*

"(i) Any act of immorality which would bring the employee into disrepute or reflect discredit upon the agency.

\*      \*      \*      \*      \*      \*

"(k) Any other failure of good behavior or acts either during or outside of duty hours which are incompatible with or inimical to the agency interest.

"(1) Misuse of state property.

\*      \*      \*      \*      \*      \*

"(o) Violation of Council rules."

There can be no question but that Officer Dowd breached several, if not all of these listed causes for punitive action. Without going into evidentiary detail, testimony and documentary evidence was introduced which substantiated the numerous charges against Officer Dowd including misuse of a state vehicle, use of a state credit card to purchase gasoline on personal outings, accounting for time on duty when he was in fact in a different city, authorizing the use of state aircraft for transportation of a civilian on non-state business for personal reasons, and various failures to accurately and truthfully comply with department record-keeping requirements.

■ It appears that the trial judge did not accept the "causes" set forth in the council rules as justifying removal, but rather, in overruling the council, substituted his own standard by requiring a finding of "gross violation warranting dismissal." This constituted error. Neither the trial court nor this Court may ignore the council's rules establishing cause for dismissal absent a showing that the rules conflict with the statutes, or are arbitrary in nature, having no substantial relationship to the end sought to be accomplished. *See Civil Service Board of City of Phoenix v. Warren,* 74 Ariz. 88, 244 P.2d 1157 (1952); *Civil Service Commission of City of Tucson v. Livingston, supra.* In a police employment setting, there is a substantial relationship to the end sought to be accomplished, and a rule stating cause for dismissal is thus not arbitrary, when the proscribed conduct constitutes a substantial shortcoming which renders the continuance of the officer in his position detrimental to the discipline or efficiency of the service. *Civil Service Commission of City of Tucson v. Livingston, supra.*

■ Reviewing the charges against appellee, we cannot say that the violations alleged and the continuance of his employment could not have been detrimental to the discipline or efficiency of the Department of Public Safety in fulfilling its statutory law enforcement obligations. A.R.S. § 28–235 and the rules enacted pursuant thereto vest discretion in the merit system council, not in the courts, to determine when violation of the council's rules is sufficient to justify termination, as opposed to some lesser disciplinary action. Review in the superior court is by certiorari, not by trial *de novo.* A.R.S. § 28–236. Under these circumstances, the Court will intervene only when there is no evidence to support the administrative agency's decision. *Justice v. City of Casa Grande,* 116 Ariz. 66, 567 P.2d 1195. (Filed April 26, 1977); *Cox v. Pima County Law Enforcement Merit System Council,* 25 Ariz.App. 349, 543 P.2d 470 (1975). Here, the council's decision was supported by substantial evidence, and, the superior court should have affirmed that decision on review.

The judgment of the superior court is reversed, and the matter is remanded with

**430**

directions to enter judgment affirming the council's decision.

SCHROEDER, P. J., and EUBANK, J., concur.