IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

CARLTON AKI STANT,
*Plaintiff/Appellant,*

*v.*

THE CITY OF MARICOPA EMPLOYEE MERIT BOARD,
AN ADMINISTRATIVE BODY;
KEVIN P. EVANS, IN HIS CAPACITY
AS CITY MANAGER FOR THE CITY OF MARICOPA, ARIZONA;
ANN JOY NAPOLITANO, IN HER OFFICIAL CAPACITY AS A MEMBER OF
THE CITY OF MARICOPA EMPLOYEE MERIT BOARD;
MICKI SCHROEDER, IN HER OFFICIAL CAPACITY AS A MEMBER OF THE
CITY OF MARICOPA EMPLOYEE MERIT BOARD,
*Defendants/Appellees.*

No. 2 CA-CV 2013-0089
Filed February 25, 2014

---

Appeal from the Superior Court in Pinal County
No. CV201100737
The Honorable Gilberto V. Figueroa, Judge

**AFFIRMED**

---

COUNSEL

Aiken Schenk Hawkins & Ricciardi P.C., Phoenix
By Alfred W. Ricciardi, James M. Cool, and Erin R. Ford
*Counsel for Plaintiff/Appellant*

Jackson Lewis LLP, Phoenix
By Justin S. Pierce and Victoria Torrilhon
*Counsel for Defendants/Appellees*

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

E C K E R S T R O M, Judge:

**¶1**         Appellant Carlton Stant challenges the superior court's judgment affirming the termination of his employment by the Maricopa Police Department ("the department") and the decision upholding that action by appellees, the City of Maricopa Employee Merit Board ("the board") and the city manager of Maricopa ("the city").  We affirm for the reasons that follow.

### Factual and Procedural Background[1]

**¶2**         In May 2010, the department launched an internal affairs investigation into whether a certain police officer had circumvented the chain of command by sending an e-mail to the city council.  Stant was a sergeant at the time, and he was also the direct supervisor of the officer being investigated.  When a detective

---

[1]We note that in lieu of proper citations to the record as it is numbered pursuant to Rule 11(a)(2), Ariz. R. Civ. App. P., the appellees' answering brief refers to arbitrarily numbered "exhibits" appended thereto, with a conversion table provided in a separate section labeled an "index."  We disapprove of this practice, even when it is motivated by a concern for this court's convenience.  *See Delmastro & Eells v. Taco Bell Corp.*, 228 Ariz. 134, n. 2, 263 P.3d 683, 686 n.2 (App. 2011).  The efficiency of our court is promoted by the uniform, standard record citations that are afforded by Rule 11 and required by Rule 13(a)(4) and (6), Ariz. R. Civ. App. P., in those sections of a brief containing facts and arguments.  *See* Ariz. R. Civ. App. P. 13(b) (imposing same citation requirements for answering and opening briefs).  Parties are not free to disregard or modify these rules.

interviewed Stant about his knowledge of the officer's actions, Stant refused to answer questions regarding the investigation.

¶3   Pursuant to the department's Operations Order 3.19(3)(B)(2), an officer who is a witness to misconduct "must cooperate with the administrative investigation." Stant later testified he was very familiar with this order. The chief of police listened to a recording of Stant's interview with the detective and determined that Stant's refusal to cooperate set a "terrible example" and represented a serious violation of department policy, especially in light of his rank and his role as a supervisor. The chief noted that within the prior year Stant had committed other infractions that had resulted in a written reprimand, a ninety-day probationary period, a one-day suspension without pay, and a forty-hour suspension without pay, yet he had failed to benefit from those measures. The chief therefore concluded termination was the appropriate disciplinary measure, and he ended Stant's employment on June 18, 2010.

¶4   Stant appealed his termination to the board. Pursuant to Maricopa Personnel Policy ("MPP") § 2.3.5(a), the board is charged with determining, by a preponderance of the evidence, "whether the action appealed was made in good faith for cause."[2] The board makes advisory findings for the city manager, who holds final decision-making authority. MPP § 2.3.5(b)–(d). After conducting an evidentiary hearing, the board concluded that Stant had violated department policy, the disciplinary measure was

---

[2]As the appellees point out, A.R.S. § 38-1104(A), which states that a law enforcement officer may be disciplined only for "just cause," was not in effect when Stant was terminated by the department. *See* 2010 Ariz. Sess. Laws, ch. 75, § 1. Stant has not argued that § 38-1104 applies to his case. We further note that no provisions of this statute—including § 38-1104(D), which grants certain discharged officers a "hearing de novo" in the superior court—have been given retroactive application. *See* A.R.S. § 1-244 ("No statute is retroactive unless expressly declared therein."); 2012 Ariz. Sess. Laws, ch. 356, § 1 and ch. 355, § 5; 2011 Ariz. Sess. Laws, ch. 244, § 1 and ch. 208, § 1.

appropriate, and the termination was done in good faith for cause. The city upheld the termination, and Stant sought further review in the superior court pursuant to A.R.S. § 38-1004. The court determined the record supported the action of the department as well as the findings and decisions of the board and city. Stant filed a timely notice of appeal to this court following the entry of judgment.

## Jurisdiction

¶5        Our independent duty to confirm our jurisdiction requires that we discuss the basis for the present appeal. *See Anderson v. Valley Union High Sch., Dist. No. 22*, 229 Ariz. 52, ¶ 2, 270 P.3d 879, 881 (App. 2012). In civil matters, "a right to appeal exists only when that right is specifically given by statute." *Pima County v. State Dep't of Rev.*, 114 Ariz. 275, 277, 560 P.2d 793, 795 (1977); *accord S. Cal. Edison Co. v. Peabody W. Coal Co.*, 194 Ariz. 47, ¶ 16, 977 P.2d 769, 774 (1999). If no statute provides such a right, an appellate court lacks jurisdiction to consider the issues raised on appeal. *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981).

¶6        Here, as noted above, Stant challenged the decision of the board and city by seeking a writ of certiorari in the superior court pursuant to § 38-1004. This proceeding is designated a "statutory special action" by Rule 1(b), Ariz. R. P. Spec. Actions. *See Rash v. Town of Mammoth*, 233 Ariz. 577, ¶ 2, 315 P.3d 1234, 1235 (App. 2013).

¶7        Contrary to Stant's assertion, his appeal to this court is not authorized by A.R.S. § 12-2101, which is sometimes referred to as the "general statute governing appeals." *S. Cal. Edison Co.*, 194 Ariz. 47, ¶ 16, 977 P.2d at 774. Because an action under § 38-1004 provides the superior court only a limited review of a prior determination, *see Woerth v. City of Flagstaff*, 167 Ariz. 412, 417, 808 P.2d 297, 302 (App. 1990); *Pima County v. Pima Cnty. Law Enforcement Merit Sys. Council* (*Klein*), 128 Ariz. 62, 64, 623 P.2d 851, 853 (App. 1980); *Justice v. City of Casa Grande*, 116 Ariz. 66, 67, 567 P.2d 1195, 1196 (App. 1977), the proceeding does not "originat[e]" or "commence[]" in the superior court within the meaning of A.R.S.

§§ 12-120.21(A)(1) and 12-2101(A)(1), respectively.[3] *But see Rash*, 233 Ariz. 577, ¶ 3, 315 P.3d at 1235 (listing § 12-2101(A)(1) among alternative grounds for appellate jurisdiction); *Crouch v. Justice of Peace Court of Sixth Precinct*, 7 Ariz. App. 460, 463-64, 440 P.2d 1000, 1003-04 (1968) (suggesting certiorari action originates or commences in superior court). As our supreme court has explained when discussing its own jurisdiction,

> If [a] proceeding . . . 'originates' before any board, officer, or tribunal other than a court, and has been before the superior court for the purpose of a review of such prior determination and not for the purpose of an original inquiry into and determination of the rights of the petitioner, an appeal from the decision of the superior court does not lie to this court, unless some special statute gives one.

*Smith v. Trott*, 36 Ariz. 166, 171, 283 P. 726, 728 (1930).

¶8        The specific language in § 12-2101(A)(1) authorizing appeals from actions "commenced in a superior court, or brought into a superior court from any other court" refers to cases brought in the superior court by a process other than appeal. *Anderson*, 229 Ariz. 52, ¶ 3, 270 P.3d at 881-82; *cf. Duncan v. Truman*, 74 Ariz. 328, 331, 248 P.2d 879, 881-82 (1952) (noting lack of jurisdiction over de novo appeal in superior court). A proceeding under § 38-1004 is a

---

[3]Section 12-120.21(A)(1) states that the court of appeals has "[a]ppellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes for which a sentence of death has actually been imposed." Section 12-2101(A)(1) provides that "[a]n appeal may be taken to the court of appeals from the superior court . . . [f]rom a final judgment entered in an action or special proceeding commenced in a superior court, or brought into a superior court from any other court," except for certain forcible entry and detainer actions.

type of appeal. Although § 38-1004(A) describes a law enforcement officer as having a "determination of the [merit system] council reviewed upon writ of certiorari in the superior court," § 38-1004(C) alternatively describes an aggrieved officer as "appeal[ing] to court the decision of the merit system or civil service plan appeals board, or of the city or town council." Section 38-1003(6)(b), A.R.S., likewise characterizes the action as an "appeal . . . provided in § 38-1004." In *Him Poy Lim v. Duncan*, our supreme court observed that the designation of a "proceeding in the superior court as *an appeal*" is conclusive evidence that it is not "commenced" there. 65 Ariz. 370, 372, 181 P.2d 357, 358, 359 (1947).

¶9            In short, both the substance and the language of these statutes confirm that the superior court was "functioning in an appellate capacity for jurisdictional purposes." *Anderson*, 229 Ariz. 52, ¶ 4, 270 P.3d at 882. Accordingly, in the absence of a statutory right to appeal beyond the superior court, we would not have appellate jurisdiction to consider the matter here. *Cf. Sarwark v. Thorneycroft*, 123 Ariz. 1, 4, 596 P.2d 1173, 1176 (App.) (holding judicial review of administrative decision limited to superior court by specific statutory procedure), *approved*, 123 Ariz. 23, 597 P.2d 9 (1979).

¶10            Contrary to Stant's contention below, the Administrative Review Act ("ARA"), A.R.S. §§ 12-901 through 12-914, is inapposite, because this case concerns the disciplinary decisions of a municipality and its police department. The ARA does not apply to municipal corporations or their agencies. *Rash*, 233 Ariz. 577, ¶ 11, 315 P.3d at 1238; *see Woerth*, 167 Ariz. at 416-17 & 416 n.4, 808 P.2d at 301-02 & 301 n.4. Stant also incorrectly relies on *Maricopa County Sheriff's Office v. Maricopa County Employee Merit System Commission* (*Juarez*), 211 Ariz. 219, 119 P.3d 1022 (2005), as precedent for appellate jurisdiction here. That case concerned an appeal by an officer employed as a civil servant of a county, for whom a right of appeal is specifically provided by A.R.S. §§ 11-356(G) and 12-913. *See Juarez*, 211 Ariz. 219, ¶¶ 1, 8, 119 P.3d at 1023-24.

¶11            A right of appeal to this court is nevertheless provided by law. Section 12-2007, A.R.S., allows an appeal from a superior

court's judgment in an action under our general certiorari statutes, A.R.S. §§ 12-2001 through 12-2007. In *Walker v. Burr*, 73 Ariz. 129, 130, 133, 238 P.2d 950, 951, 953 (1951), our supreme court held that the provision now codified as § 12-2007(C) [4] permits a law enforcement officer who has been discharged to appeal a merit council's decision beyond the superior court. In addition, a right of appeal to this court is recognized or implicitly provided by § 38-1004(B)(2) and (C)(2). These subsections require an award of costs and attorney fees to be suspended if a certain party "appeals the decision of the court." *Id.*[5] In keeping with our precedents, we therefore conclude we have jurisdiction over the present appeal because the proceeding is one "permitted by law to be appealed from the superior court" under § 12-120.21(A)(1). *See Rash*, 233 Ariz. 577, ¶ 3, 315 P.3d at 1237 (listing § 12-120.21(A)(1) among grounds for jurisdiction).

**¶12**        Because § 38-1004 creates a statutory special action and a right of appeal to this court, our jurisdiction is mandatory rather than discretionary, *see State v. Buhman*, 181 Ariz. 52, 54, 887 P.2d 582, 584 (App. 1994); *Circle K Convenience Stores, Inc. v. City of Phoenix*, 178 Ariz. 102, 103, 870 P.2d 1198, 1199 (App. 1993), and our special

---

[4]The Arizona legislature adopted the Arizona Revised Statutes in 1956, 1956 Ariz. Sess. Laws 3d Spec. Sess., ch. 3, § 1, but the legislature instructed the commission charged with codifying the statutes that it should not "undertake to make any change of existing laws." 1955 Ariz. Sess. Laws, ch. 1, § 1.

[5]We recognize that the precise statutory basis for the present appeal is somewhat unclear, because certiorari in the superior court is available under § 12-2001 only when "there is no appeal," yet §§ 38-1003(6)(b) and 38-1004(B)(2) and (C)(2) now describe the superior court's review as an "appeal." In any event, the same situation was presented by the statutes in *Walker*, 73 Ariz. at 132-33, 238 P.2d at 953. And we believe that any doubt caused by the inconsistent language in §§ 38-1003 and 38-1004 concerning appeals and certiorari "should be resolved in favor of the right to appeal." *State v. Inspiration Consol. Copper Co.*, 20 Ariz. 503, 512, 181 P. 955, 959 (1919) (Baker, J., concurring).

action jurisdiction under § 12-120.21(A)(4) is inapplicable. *See State ex rel. Hance v. Ariz. Bd. of Pardons & Paroles*, 178 Ariz. 591, 595, 875 P.2d 824, 828 (App. 1993) (noting subsection (A)(4) designed to provide "special action jurisdiction in cases to which our appellate jurisdiction does not extend"). Despite Stant's suggestion, Rule 8, Ariz. R. P. Spec. Actions, does not provide a substantive basis for an appeal. *See State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 76, 796 P.2d 876, 878 (1990). That rule simply gives our court procedural flexibility to expedite our review of a superior court's special action decision, either by processing the case as an ordinary appeal, a modified appeal, or a special action within this court. *See* Ariz. R. P. Spec. Actions 8(a) & bar committee note. Because the parties have not moved to expedite the matter here, the present appeal is governed by the provision in Rule 8(a) that provides: "A decision of a Superior Court . . . shall be reviewed by appeal where there is an equally plain, speedy, and adequate remedy by that means."

**Discussion**

¶13        As to the merits of Stant's appeal, we turn first to the applicable standard of review, which the parties dispute, and the procedural context of the case. As a municipality with its own civil service plan, Maricopa is generally exempt from the merit system provisions of A.R.S. §§ 38-1001 through 38-1007, except as provided in §§ 38-1004(C) and 38-1007. *See Hamilton v. City of Mesa*, 185 Ariz. 420, 424, 916 P.2d 1136, 1140 (App. 1995). Here, as in *Hamilton*, the city maintained its own merit system or civil service plan, and the board made purely advisory findings and recommendations to the city regarding the department's discipline of its officer. *See id.* at 424-25, 916 P.2d at 1140-41. Because no statute specified the standard to be applied by the board, it was obligated to "apply the standard of review required by the governing rule." *Pima County v. Pima Cnty. Law Enforcement Merit Sys. Council* (*Harvey*), 211 Ariz. 224, ¶ 30, 119 P.3d 1027, 1033 (2005); *accord Juarez*, 211 Ariz. 219, ¶¶ 9-10, 119 P.3d at 1024; *City of Phoenix v. Sittenfeld*, 53 Ariz. 240, 245, 88 P.2d 83, 85 (1939) (recognizing "[t]he board . . . is bound to act in accordance with the ordinance which created it, and the rules and regulations which it has established under such ordinance"). Thus, the standard relevant to the board and city was whether the

department's action was taken "in good faith for cause" under MPP § 2.3.5(a).[6]

¶14     On subsequent appeal or writ of certiorari under § 38-1004(C), the superior court was not required to apply that same standard or make the same determination as it would, for example, in a trial de novo. *See Ariz. Dep't of Pub. Safety v. Dowd*, 117 Ariz. 423, 429, 573 P.2d 497, 503 (App. 1977); *see also Davis v. Brittain*, 89 Ariz. 89, 95, 358 P.2d 322, 326 (1960). *Cf.* A.R.S. § 38-1104(D) (granting "hearing de novo" in specified circumstances). Instead, the superior court's review was limited, as with an ordinary certiorari action, to deciding "whether the inferior tribunal, board or officer has regularly pursued its authority." § 12-2006; *accord Civil Serv. Comm'n of City of Tucson v. Foley*, 75 Ariz. 364, 368, 257 P.2d 384, 386 (1953). The question, in other words, was whether the prior determination "was arbitrary and capricious or an abuse of discretion." Ariz. R. P. Spec. Actions 3(c); *see Hamilton*, 185 Ariz. at 427-28, 916 P.2d at 1143-44; *Justice*, 116 Ariz. at 67, 567 P.2d at 1196; *City of Tucson v. Mills*, 114 Ariz. 107, 111, 559 P.2d 663, 667 (App. 1976).

¶15     In effect, this required the superior court to determine whether the record contained any evidence to support the decision of the board and city, *see Walker v. Dunham*, 78 Ariz. 419, 422, 281 P.2d 125, 127 (1955); *Klein*, 128 Ariz. at 64, 623 P.2d at 853; *Dowd*, 117 Ariz. at 429, 573 P.2d at 503, and whether the inferior board or officer "erred as a matter of law" and "exceeded its legal authority." *Juarez*, 211 Ariz. 219, ¶¶ 23, 24, 119 P.3d at 1027; *see Mills*, 114 Ariz. at 111, 559 P.2d at 667 (noting "illegal" action as ground for relief). In such a review, a court does not reweigh the evidence or resolve conflicts in it. *Gibbons v. Finley*, 77 Ariz. 391, 394, 272 P.2d 610, 612

---

[6]While we may assume that the former A.R.S. § 38-1101(J) (now subsection (K)) would require the city to make a finding of "arbitrar[iness]" or a lack of "reasonable justification" in order to "amend, modify, reject or reverse" the "decision" of the board, 2009 Ariz. Sess. Laws, ch. 128, § 1, the city took no such action here. To the extent the board made a decision, the city upheld and affirmed it. This subsection, therefore, did not operate in the present case, even if it might apply in other circumstances.

(1954). The court's review involves questions of law subject to our independent review. *See Ayala v. Hill*, 136 Ariz. 88, 90, 664 P.2d 238, 240 (App. 1983). And our review of the superior court's "judgment," Ariz. R. P. Spec. Actions 6, or "decision," Ariz. R. P. Spec. Actions 8(a), requires us to reach the same underlying issues relating to the municipality's decision. *Cf. Romo v. Kirschner*, 181 Ariz. 239, 240, 889 P.2d 32, 33 (App. 1995) (noting appellate review standard under ARA).

¶16 Bearing these principles in mind, we conclude that Stant has failed to show any deficiency in the evidence or legal error entitling him to relief. He first argues that the board was required to interpret the phrase "in good faith for cause" as involving "two distinct adjudicative requirements," and he maintains the board incorrectly engaged in a combined analysis that conflated these concepts. At the conclusion of Stant's evidentiary hearing, however, the chairperson of the board explained its process as follows: "[W]e go into an executive session to determine two factors: Was the decision to terminate Carlton Aki Stant in good faith or not in good faith; and was the decision to terminate with just cause or not with just cause." Thus, Stant's argument that the board misconstrued or misapplied the relevant standard is unfounded and contrary to the record. The mere fact that the board recited the standard "in good faith for cause" in its written findings did not render those findings erroneous or inadequate, notwithstanding Stant's suggestion to the contrary. *See Justice*, 116 Ariz. at 67, 567 P.2d at 1196; *Cox v. Pima Cnty. Law Enforcement Merit Sys. Council*, 25 Ariz. App. 349, 350, 543 P.2d 470, 471 (1975).

¶17 Stant's arguments concerning the definition of "good faith" similarly miss the mark. Although he advances numerous definitions of what "good faith" should mean in this context, he fails to explain how any of those definitions would alter the outcome here. Ultimately, Stant asserts he was not terminated in good faith because the "record confirms that [he] was terminated for conduct no reasonable officer would have recognized as punishable." The evidence in the record, however, supports a conclusion that the department disciplined him in "good faith," even if the phrase

denotes "reasonable and fair action consistent with the employee's justified expectations," as Stant maintains.

**¶18**       The internal affairs detective testified that he immediately knew Stant had committed a serious violation of policy that could result in discipline by not answering questions during the interview.   In addition, Stant testified he was familiar with Operations Order 3.19, he did not need to be advised of its contents, and he knew he had a duty to cooperate with department investigations during his interview.  Thus, despite any conflicting evidence, the record was sufficient to support the board's resolution of the essentially factual question of good faith.  *See Walker*, 78 Ariz. at 422, 281 P.2d at 127.  Accordingly, "[w]e will not substitute our judgment for that of the board, even where the question is faulty or debatable and one in which we would have reached a different conclusion had we been the original arbiter of the issues raised." *Blake v. City of Phoenix*, 157 Ariz. 93, 96, 754 P.2d 1368, 1371 (App. 1988).

**¶19**       Last, Stant contends he was discharged without cause because the terms of Operations Order 3.19(3)(B)(2) apply only to "employees under investigation for misconduct or who are witnesses to misconduct," and he was neither under investigation for misconduct during his interview nor a witness to the subject misconduct.  "We defer to an agency's reasonable interpretations of its own regulations."  *Harvey*, 211 Ariz. 224, ¶ 18, 119 P.3d at 1031. Here, the chief of police explained that the department's order applies to potential witnesses of possible misconduct, and the duty to cooperate with investigations includes a duty to produce any information that might "clear any employee" of suspected wrongdoing.  This is a reasonable interpretation of the department's order.  The record therefore supports a finding that Stant violated Operations Order 3.19 by refusing to answer questions concerning an officer he was supervising.

**¶20**       We do not address Stant's conclusory assertions that he was denied "due process" in this case, as he has failed to develop and support any distinct legal argument on this point.  *See Lohmeier v. Hammer*, 214 Ariz. 57, n.5, 148 P.3d 101, 108 n.5 (App. 2006); *In re*

*$26,980.00 U.S. Currency*, 199 Ariz. 291, ¶ 28, 18 P.3d 85, 93 (App. 2000).[7]

**¶21** The appellees have asked for an award of fees and costs on appeal pursuant to Rule 4(g), Ariz. R. P. Spec. Actions, and Rule 21, Ariz. R. Civ. App. P. Rule 4(g) provides that in a special action, "a party may claim costs and attorneys' fees *as in other civil actions*." (Emphasis added.) In short, there still must be "an appropriate basis . . . for such an award," *State v. Shipman*, 208 Ariz. 474, ¶ 7, 94 P.3d 1169, 1171 (App. 2004), and nothing in the rule relieves a party of the ordinary obligation to specify the contractual or legal basis for an award of fees or costs. *See Ezell v. Quon*, 224 Ariz. 532, ¶ 31, 233 P.3d 645, 652 (App. 2010). Because neither Rule 4 nor Rule 21 provides a substantive basis for the award, *see Sklar v. Town of Fountain Hills*, 220 Ariz. 449, ¶ 23, 207 P.3d 702, 708 (App. 2008), we deny the appellees' request.

## Disposition

**¶22** For the foregoing reasons, we affirm the superior court's judgment, deny Stant's requested relief, and deny the parties' requests for attorney fees and costs on appeal.

---

[7]We have elected to dispose of this appeal solely based on the parties' briefs, as we have deemed them adequate for resolving the issues presented. Because the parties have incorrectly requested oral argument in their appellate briefs, rather than by separate motion pursuant to Rule 18, Ariz. R. Civ. App. P., our court did not generate a separate order denying these irregular requests.