NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

———————————————

MARICOPA COUNTY ATTORNEY'S OFFICE, *Plaintiff/Appellant*,

*v.*

MARICOPA COUNTY EMPLOYEE MERIT SYSTEM COMMISSION;
MARK SMITH, *Defendants/Appellees*.

No. 1 CA-CV 15-0009
FILED 2-9-2016

———————————————

Appeal from the Superior Court in Maricopa County
No. LC2014-000202-001
The Honorable Crane McClennen, Judge

**REVERSED AND REMANDED**

———————————————

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Tawn T. Thornton and Brandon A. Newton
*Counsel for Plaintiff/Appellant*

Jackson Lewis, Phoenix
By Justin S. Pierce
*Counsel for Defendant/Appellee Maricopa County Employee Merit System
Commission*

Yen Pilch & Landeen PC, Phoenix
By Caroline A. Pilch and Michael Pang
*Counsel for Defendant/Appellee Mark Smith*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge John C. Gemmill and Judge Margaret H. Downie joined.

---

**G O U L D**, Judge:

¶1        The Maricopa County Attorney's Office ("MCAO") appeals from the superior court's decision affirming Detective Mark Smith's appeal to the Maricopa County Employee Merit System Commission (the "Commission").  For the following reasons, we reverse.

## FACTS AND PROCEDURAL HISTORY

¶2        Smith, a detective employed by MCAO, was terminated in December 2013.  The facts underling his termination are not in dispute.  On October 3, 2013, Smith stopped at a QuickTrip gas station to use the restroom.  While in the restroom he removed his MCAO-issued weapon and placed it near the toilet seat.  He left the QuickTrip without retrieving his gun; by the time he realized his gun was missing and he returned to the QuickTrip, the gun was no longer in the restroom stall.  The gun is still missing.

¶3        The MCAO appointing authority, Mark Faull, determined that termination was warranted for Smith's loss of his firearm.  Faull found that Smith had violated Merit System Resolution Sections 15.A.5 (Neglect of Duty), 15.A.16 (Misuse of government property), 15.A.17 (violation of policies or procedures), and 15.A.18 (violation of code of ethics).  He issued a written notice of dismissal concluding the risk to the public from Smith's loss of the firearm in a public bathroom "is unacceptable and warrants serious discipline."  Faull also considered Smith's "significant prior disciplinary history that reflects major performance concerns" in concluding that termination was the only appropriate disciplinary action.

¶4        Smith's prior disciplinary history included a Written Counseling for misusing his assigned County vehicle, a Final Written Warning for discussing the investigation concerning his misuse of the vehicle, and for disparaging the individuals who reported his misuse of the vehicle.  Based on the vehicle incident, Smith was demoted from his

temporary management position as a Lieutenant to a Detective. Later, in January 2007, a co-worker filed a complaint against Smith for discourteous treatment that resulted in counseling, but no written discipline was imposed.

¶5        Smith appealed his dismissal to the Commission. The Commission assigned the appeal to a hearing officer to conduct an evidentiary hearing. The hearing officer heard testimony from both Faull and Smith. In addition, Smith introduced evidence regarding two other MCAO employees who lost their service weapons while on duty and received only written reprimands instead of dismissals. One of these employees, K.C., an MCAO Lieutenant, was reprimanded, but not terminated, for leaving her service weapon in a restroom on the 8th floor of MCAO headquarters. [1]

¶6        During his testimony, Faull distinguished Smith's circumstances from Smith's proffered comparison cases. Significantly, Faull testified K.C. had no prior discipline. Faull also explained that Smith's significant disciplinary history was troubling and based on this history, coupled with the circumstances in which Smith left his weapon, Smith's conduct was not comparable to K.C.'s.

¶7        The hearing officer issued findings of fact and conclusions of law and recommended that Smith's appeal be denied and MCAO's termination action be sustained. Her recommendations noted that Faull had considered the seriousness of the instant misconduct: Smith left his service weapon in a bathroom where any member of the public could have found it, and the weapon was still missing. She also noted that Faull considered Smith's prior discipline history in making his decision. Finally, the hearing officer stated that Smith's comparison cases did not involve similarly situated employees. Specifically, she stated the two comparison cases cited by Smith involved employees who misplaced their weapons while in MCAO headquarters, while Smith lost his weapon in a public gas station; and that there was no known prior discipline for either of the comparison cases.

¶8        Smith filed objections to the hearing officer's findings of fact, conclusions of law, and recommendation. He pointed out that his Final

---

[1]        We focus primarily on K.C. as a comparison case because the other employee was disciplined by a different appointing authority and the record does not contain sufficient relevant details about his discipline.

Written Warning in 2006 was for inappropriate conduct as a supervisor, not as a detective. Specifically, while Smith's performance ratings as a supervisor were below expectations, his occupational skills ratings as a detective for the same time period were satisfactory or excelling. He also objected to the hearing officer's conclusion that the comparison case of K.C. did not involve a similarly situated employee.

¶9 The Commission held a hearing to review the hearing officer's recommendations and consider Smith's appeal. Ultimately, the Commission accepted the hearing officer's findings of fact and conclusions of law as supplemented by Smith's objections. The Commission, however, rejected the disciplinary action taken by Faull on the grounds of disparate treatment of similarly situated employees, and remanded the case to Faull for further action.

¶10 MCAO sought judicial review of the Commission's order. The superior court determined the Commission's order was supported by substantial evidence and affirmed the order. MCAO timely appealed to this court.

**DISCUSSION**

I. Standard of Review

¶11 When reviewing the superior court's judgment, we independently examine the administrative record to determine whether substantial evidence supports the Commission's decision. *Cf. Webb v. State ex rel. Ariz. Bd. of Med. Exam'rs*, 202 Ariz. 555, 557, ¶ 7 (App. 2002). Our review reaches the same underlying issues reviewed by the superior court: the question of whether the Commission's determination is contrary to law, arbitrary and capricious, or an abuse of discretion. A.R.S. § 12-910(E); *Stant v. City of Maricopa Employee Merit Bd.*, 234 Ariz. 196, 201, ¶ 14 (App. 2014); *cf. Smith v. Arizona Long Term Care Sys.*, 207 Ariz. 217, 221, ¶ 19 (App. 2004).

¶12 Here, we must determine whether the record contains substantial evidence to support the Commission's decision. *Stant*, 234 Ariz. at 201, ¶ 15. We may not reweigh the evidence or substitute our own judgment for that of the Commission on factual questions. *Golob v. Ariz. Med. Bd. of State,* 217 Ariz. 505, 509, ¶ 11 (App. 2008). We do, however, "review the [Commission's] application of law de novo." *Ritland v. Ariz. State Bd. Of Med. Exam'rs,* 213 Ariz. 187, 189, ¶ 7; *see also Stant*, 234 Ariz. at 201, ¶ 15. Thus, whether the Commission used the correct legal standard in reviewing MCAO's termination decision is an

issue of law we review de novo.  *See Mobilisa, Inc. v. Doe*, 217 Ariz. 103, 107, ¶ 9 (App. 2007).

II.      Employee Merit System Commission's Authority

**¶13**          MCAO claims the Commission sustained Smith's appeal on the grounds the discipline he received was too harsh.  MCAO argues the Commission acted contrary to the law by making its decision on this basis.

**¶14**          When dismissing an employee, an appointing authority must issue a "written order, stating specifically the reasons for the action." A.R.S. § 11-356(A).   The employee may appeal the dismissal to the applicable merit commission and request an evidentiary hearing.  A.R.S. § 11-356(B).  The commission may appoint a hearing officer to conduct a de novo hearing and take evidence on its behalf; the hearing officer then must submit proposed findings of fact, conclusions of law and a recommendation to the commission.  A.R.S. § 11-356(D); *Maricopa Cty. Sheriff's Office v. Maricopa Cty. Employee Merit Sys. Comm'n*, 211 Ariz. 219, 221, ¶ 9 (2005) ("Juarez").  The hearing officer's recommendations are advisory in nature; the commission makes its own findings and issues a final decision.  A.R.S. § 11-356(G); *see Ritland*, 213 Ariz. at 191-92, ¶ 15 (stating that the agency board has authority to overrule its hearing officer's credibility determinations).

**¶15**          In its review of an employee's appeal, a commission has authority to affirm, modify, or revoke the appointing authority's disciplinary action.  A.R.S. § 11-356(F); *Juarez*, 211 Ariz. at 221, ¶ 9.  Each merit system is governed by its own authority, resolutions, and rules. *Saldate v. Montgomery*, 228 Ariz. 495, 499, ¶ 18 (App. 2012).

**¶16**          Here, Smith's appeal is subject to the Commission, and the standard of review to be applied by the Commission is set out in Maricopa County Employee Merit System Rule 10.16.  *See Juarez*, 211 Ariz. at 221, ¶ 10.  Rule 10.16 provides the Commission "shall" sustain an appeal if the action taken by the appointing authority was "arbitrary or taken without reasonable cause."  Merit Rule 10.16.

**¶17**          Our Supreme Court has stated "Rule 10.16, given its plain meaning, creates an objective standard, requiring the employer's discipline be upheld unless 'arbitrary or taken without reasonable cause.'" *Juarez*, 211 Ariz. at 221-22, ¶ 12.  Thus, the Commission is limited to "a narrow and deferential" role in reviewing the actions taken by an appointing authority.  *Id.* at ¶¶ 12-13.  Essentially, "the Commission's initial task is to create a record and to ascertain the facts."  *Juarez*, 211 Ariz.

at 222, ¶ 13.  The appointing authority must prove, by a preponderance of the evidence, the employee engaged in conduct warranting discipline.  *Id.* If this burden is satisfied, the Commission reviews the discipline imposed by the appointing authority.  *Id.*  This review is limited to determining whether credible facts establish that discipline was warranted and the discipline imposed falls within the permissible range; if so, it is "unlikely the action [will] be seen as arbitrary."  *Juarez*, 211 Ariz. at 222, ¶ 16.

¶18      "Arbitrariness can arise . . . when similarly situated employees receive differing sanctions for the same offense."  *Juarez*, 211 Ariz. at 223, ¶ 16, n.6.  Several factors may be considered in determining whether other employees are similarly situated: reporting to the same supervisors; having the same standards of behavior at the time of the occurrences; and an examination of the totality of the circumstances.  *Pinal Cty. v. Pinal Cty. Employee Merit Sys. Comm'n*, 211 Ariz. 12, 18, ¶¶ 18-19 (App. 2005) (overruled on other grounds).

¶19      Here, the Commission determined there was sufficient evidence showing Smith engaged in conduct warranting discipline and that termination fell within MCAO's permissible range of discipline.  However, the Commission determined that MCAO's action was arbitrary because Smith received discipline that was inconsistent with discipline administered to K.C., an employee the Commission determined to be similarly situated to Smith.

¶20      In reaching this conclusion, the Commission considered the evidence presented to the hearing officer and the Commission.  This evidence showed that both K.C. and Smith left their service weapons unattended.  The rule violations noted by Faull in his written order were all predicated on Smith's failure "to protect and conserve county property" by leaving his weapon unattended; none of the violations depended on where the gun was left or whether it was recovered.  Additionally, the Commission found Smith's prior disciplinary history did not apply to the current misconduct because it was discipline he received while in a supervisory role, not while acting as a detective.

¶21      The Commission overstepped its reviewing authority.  The undisputed evidence shows that Smith had a prior disciplinary history, yet the comparison employee cases introduced by Smith had no prior discipline.  Faull took into account both Smith's disciplinary history and his positive performance reviews in determining dismissal was appropriate.  On balance, he considered Smith's disciplinary history to be significant; and he determined the history reflected major performance

concerns. The Commission disagreed with Faull's conclusion that Smith's prior discipline for an unrelated incident could justify termination for his current misconduct. However, the fact that reasonable minds could differ on whether Smith and K.C. were similarly situated employees based on their respective disciplinary history did not give the Commission license to reject MCAO's conclusion on this issue. *Juarez*, 211 Ariz. at 223, ¶ 17 ("[W]here there is room for two opinions, the action is not arbitrary or capricious if exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached.") (quoting *Maricopa Cty. v. Gottsponer*, 150 Ariz. 367, 372 (App. 1986)).

**¶22** Accordingly, because we find the Commission improperly substituted its judgment for MCAO's on the issue of whether Smith's prior discipline distinguished his case from K.C.'s, we reverse.[2]

## CONCLUSION

**¶23** We reverse the judgment of the superior court. Because the Commission exceeded its authority, we remand this matter to the superior court with instructions to order the Commission to reinstate the discipline imposed by MCAO. Smith has requested an award of costs and attorneys' fees pursuant to A.R.S. § 12-348(A)(2). He is not the prevailing party, accordingly his request is denied.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

[2] Based on our decision, we need not address the Commission's finding that Smith's conduct in leaving a loaded weapon unattended in a public restroom is the same as K.C.'s conduct in leaving her weapon in a restroom in MCAO headquarters.